### 19016.   DRURY *v.* THE STATE.

ARGUED SEPTEMBER 12, 1955—DECIDED OCTOBER 13, 1955.

*G. B. Cowart*, for plaintiff in error.

WYATT, Presiding Justice. The Court of Appeals expressed doubt as to the soundness of the ruling in the *Howard* case, supra, but said the ruling was binding as the oldest case on the question. As to the soundness of the *Howard* case, supra, we thoroughly agree, and this court has since the *Howard* case held exactly to the contrary. See *Hackney* v. *State*, 101 *Ga.* 512 (28 S. E. 1007); *Vincent* v. *State*, 153 *Ga.* 278 (112 S. E. 120) and cases there cited. Many other cases of both this court and the Court of Appeals to the same effect, rendered since the *Howard* case, supra, could be cited.

A request has been made that we review and overrule the *Howard* case. The members of this court would be willing to do so if it were necessary. However, we deem it unnecessary to overrule the *Howard* case, for the reason that this court in *Coxwell* v. *State*, 66 *Ga.* 309, 316, decided before the *Howard* case, said: "This ruling brings us to a construction of the act providing for prisoners in all criminal cases the right to make to the court

and jury a statement, not under oath, involving his or her defense. This privilege was for the first time granted in 1868, and confined to cases of felony only. In 1874 it was extended to all criminal trials, and so stands today. The judge confined the prisoner within the limits prescribed for witnesses. This does not meet the broad and liberal purpose which the legislature intended to accomplish. He is not allowed to come as a *witness;* he comes as a *prisoner,* charged with crime; he does not appear to give *testimony;* he appears to make a *statement,*—a right far higher than the narrow limits which confine and guard against hearsay and conclusions, and expressly forbids the admissibility from his own witness of that which the party himself may have uttered in his own behalf. In the exercise of this right he is authorized to make such statement in the case as *he may deem proper* in his defense. It was never contemplated that he should be embarrassed and circumscribed by the strict rules of law which control the admissibility of evidence. Nor, upon the other hand, should he be permitted to occupy the time of the court and jury with long rambling, irrelevant matter inapplicable to the case,—and which, of necessity, must always rest in the sound discretion of the judge."

This language correctly states the law on this question and decides the question as contended by the applicant in certiorari, and it is contrary to the ruling of the Court of Appeals in the instant case. We reach this conclusion for the reason that what the defendant was saying in this statement in the instant case was connected with the case on trial, and did not amount to a long and rambling statement including matters inapplicable to the case. It is true that the facts stated were not strictly admissible as evidence. Nevertheless, they were facts directly concerning the case on trial, and were such facts as the defendant had a right to include in his statement to the jury.

It follows, the applicant in certiorari should have been granted a new trial on this ground of his amended motion for new trial, and the judgment of the Court of Appeals was error.

*Judgment reversed. All the Justices concur.*