## 20295. BETHKE *v.* TAYLOR.

WYATT, Presiding Justice. Clifton Lee Taylor, Jr., filed suit in Fulton County Superior Court against Mrs. Jean Bethke, seeking to modify a decree of said court respecting custody of two minor children and the payment of alimony. The petition alleged that the defendant was a resident of the State of Wisconsin, and that the children resided there with her. Defendant was served by publication. She filed a motion to dismiss upon the ground that the Superior Court of Fulton County had no jurisdiction of the case, as it pertained to a change of custody of children and the modification of an alimony decree. The court below sustained the plea to the jurisdiction as to the change of custody, but held that the Superior Court of Fulton County did have jurisdiction to modify the alimony decree. To the ruling to the effect that the Superior Court of Fulton County had jurisdiction to modify the alimony decree, the defendant excepted and brings her writ of error to review the judgment as to this ruling. *Held:*

1. The only question presented for decision in this court is whether or not the Superior Court of Fulton County had jurisdiction to modify the alimony judgment granted in that court as against a defendant who is not a resident of Georgia and who has not been personally served with process in the petition to modify. This action is brought under the provisions of Ga. L. 1955, pp. 630, 631, codified as Code (Ann.) § 30-220 et seq. This act provides in part as follows: "Such petition shall be filed and returnable under the same rules of procedure applicable to divorce proceedings. Such petition shall be filed in the same county in which the original judgment was granted." The petition in the instant case was filed in the county in which the original judgment was granted. The act further provides that the petition should be filed and returnable under the same rules of procedure applicable to divorce cases. Since the instant case was filed prior to the effective date of Ga. L. 1958, p. 315 et seq., the rules applicable to service upon a nonresident in a divorce case, and also in the instant case, are found in Code § 81-206 as amended by Ga. L. 1946, p. 761, 770, and Code § 81-207 as amended by Ga. L. 1946, p. 761, 771. Service in the instant case was made in accordance with these provisions. The court, therefore, had jurisdiction of the defendant for the purpose of modifying the alimony judgment in accordance with the act above cited.

2. The plaintiff in error, however, insisted in the court below and insists in this court, "That, if plaintiff's petition herein is construed as being brought under the provisions of Georgia Code, sec. 30-220 et seq. which Code sec. 30-220 is as follows, . . . then said Code, sec. 30-220 as thus construed and applied is unconstitutional and void . . .," as being in conflict with specified sections of the Constitution of the United States and with specified sections of the Constitution of Georgia for stated reasons. There is no Code § 30-220 in the official Code of 1933. Any ruling we would make upon the constitutionality of Code § 30-220 of the Annotated Code, which has never been enacted or adopted by the legislature—which is necessary for it to become law—would in no way affect the 1955 act (Ga. L. 1955, p. 630) from which Code (Ann.) § 30-220 was taken. Any ruling we should make, therefore, would be a useless and futile gesture and would benefit no one. We therefore decline to rule upon the constitutionality of a purely private Code. *Morgan* v. *Todd*, 214 *Ga.* 497 (106 S. E. 2d 37).

3. Since Code (Ann.) § 81-207.1 deals with service in other than divorce cases, and since Code § 81-204 deals with service in equity cases, neither is involved in the instant case, and the attempt to question their constitutionality presents no question for decision by this court.

4. From what has been said above, the judgment of the trial court was not error for any reason assigned.

*Judgment affirmed. All the Justices concur.*

ARGUED JANUARY 15, 1959—DECIDED FEBRUARY 6, 1959.

*John H. Hudson, W. R. Hudson,* for plaintiff in error.
*Ronald F. Adams, William H. Major, Buchanan, Edenfield & Sizemore,* contra.

