21497.   SAMPLES v. ALEWINE, formerly SAMPLES.

SUBMITTED JANUARY 9, 1962—DECIDED FEBRUARY 12, 1962.

*Boller & Yow, D. Field Yow, Jay M. Sawilowsky,* for plaintiff in error.

*Jeff D. Curry, Henry J. Heffernan,* contra.

GRICE, Justice.   The issue here is whether the trial court had jurisdiction to modify its prior award of custody as to the minor children of the parties.

On June 16, 1960, in a suit by Ferdinand Samples against Carolyn Dixon Samples in the Superior Court of Richmond County, he was awarded a divorce and custody of their two children.

Subsequently, on August 10, 1961, the mother, Carolyn Dixon Alewine, formerly Samples, the defendant in the action above referred to, filed her petition in the same court against the father, Ferdinand Samples.   She alleged that he was in contempt of court for violating the visitation privileges of the judgment of June 16, 1960, and that certain enumerated factors constituted a change in condition since that judgment, so as to require a modification of its provisions relating to custody of the children. The prayers of this petition were for citation for contempt and modification of the award of custody made by the judgment of June 16, 1960.   There was no prayer for process.   This petition bore the same caption as the previous divorce action.

To this petition, the father interposed an answer denying the material allegations and setting forth facts which he claimed justified adherence to the existing award of custody.   He also filed general demurrers, upon the grounds that the petition failed to set forth any ground for the relief therein sought, that it failed to allege any change of circumstances justifying a change of custody, and that it affirmatively appeared that the court was without jurisdiction to modify its former final award of custody. The trial court overruled all grounds of demurrers.

Upon trial before the judge without a jury, evidence was introduced supporting the allegations of each of the parties. On October 10, 1961, the trial judge entered an order changing the custody to the mother and granting the father visitation privileges, but making no reference to contempt.

Assigned as error are the overruling of the general demurrers and the judgment changing custody. Two questions are thus raised. One relates to jurisdiction to modify the original award, and the other to the sufficiency of the conditions relied upon to authorize a modification of that award. Since, under the view we entertain, the case turns upon the first question, it is not necessary to deal with the second and, accordingly, we have not recited the evidence relied upon by each party on that issue.

Of the foregoing facts the most significant, and decisive, are these: (1) the instant petition to modify the judgment of June 16, 1960, was filed in the same case in which such judgment was rendered; and (2) the filing of the instant petition on August 10, 1961, was long after the expiration of the term of the Superior Court of Richmond County at which the original judgment was rendered.

The controlling effect of these facts is emphasized in *Richards v. McHan,* 139 Ga. 37 (76 SE 382); *Perry v. Perry,* 212 Ga. 668 (95 SE2d 2); *Amos v. Amos,* 212 Ga. 670, 671 (95 SE2d 5); and *Pirkle v. Pirkle,* 212 Ga. 752 (95 SE2d 663).

In the *Perry* case, 212 Ga. 668, supra, two years after a final decree awarding custody to the mother, the father filed a petition in the same case seeking to amend or modify the original judgment awarding custody to the mother. There was no prayer for process and none was attached. Upon the review of that case, this court referred to holdings in decisions since the *Richards* case (139 Ga. 37, supra) and on page 670 said: "To clarify this apparent conflict and so that there will not hereafter be any confusion as to the proper method of procedure, we now hold that, while the court rendering the original judgment would in a proper proceeding have continuing jurisdiction of the subject matter of custody, if the children and the person against whom the proceeding is brought remained within the jurisdiction of the court (*Goodloe v. Goodloe,* 211 Ga. 894, 89 SE2d 654),

such jurisdiction would not continue because of the original action, and could not be invoked by a petition or motion filed in that case to amend or modify the original judgment, but could be invoked only by the filing of a new and independent action or habeas corpus proceeding based on changed conditions or circumstances arising subsequently to the rendition of the original judgment, and seeking, not an amendment or modification of the original judgment, but a new award of custody based on such changed conditions or circumstances materially affecting the welfare of the child or children involved, and as such changed conditions or circumstances relate to the person to whom the original award was made."

Adherence to those strong precedents requires our holding here that the trial court lacked jurisdiction to modify the judgment of June 16, 1960, fixing custody.

The petition seeking such modification also included a prayer for citation for contempt, and it was proper to overrule the general demurrer based upon the ground that the petition failed to set forth any ground for the relief sought. However, the inclusion of the contempt feature in the petition did not cure the defect of jurisdiction with reference to the award of custody.

*Judgment affirmed in part, reversed in part. All the Justices concur.*