### 21718. DAVIS v. DAVIS.

S<small>UBMITTED</small> J<small>ULY</small> 9, 1962—D<small>ECIDED</small> S<small>EPTEMBER</small> 6, 1962.

*Jay M. Sawilowsky,* for plaintiff in error.
*Franklin H. Pierce,* contra.

QUILLIAN, Justice. 1. The sufficiency of the petition to with-stand the general demurrer depends upon whether it disclosed that the trial judge had jurisdiction to grant the relief prayed, and whether the petition set forth cause to revise and reform the decree fixing the permanent alimony to be paid by the petitioner.

2. This court takes judicial cognizance of the terms of the superior courts of this State, as fixed by the public laws, and knows that a term of Richmond Superior Court does not extend from November 9, 1960, to January 5, 1962, a period of more than one year. *Dover v. Dover*, 205 Ga. 241 (2) (53 SE2d 492).

3. Where, as in this case, the term of the superior court during which a final decree is entered in a divorce case adjudicating the issue as to the amount of permanent alimony to be paid by the husband expires, the judge of the superior court loses jurisdiction of the case. *Carswell v. Shannon*, 209 Ga. 596 (2) (74 SE2d 850); *Perry v. Perry*, 212 Ga. 668, 670 (95 SE2d 2); *Amos v. Amos*, 212 Ga. 670, 671 (95 SE2d 5). After the expiration of the term, if either of the parties, former husband and wife, desires a revision of the decree as to the payment of permanent alimony, where the same stands unreversed, the moving party must institute a new action, separate from the divorce, under the provisions of the acts of 1955 (Ga. L. 1955, pp. 630, 631) embodied in *Code Ann.* § 30-220.

Where a new action of the nature referred to is brought, it must conform to, and meet the requirements of the act. In the case of *Perry v. Perry*, 213 Ga. 847, 849 (102 SE2d 534), this court held: "An act of the General Assembly of 1955 (Ga. L. 1955, p. 630) authorized the revision of a judgment granting permanent alimony upon a petition filed by the father or mother showing a change in the income and financial status of the father and provided that 'such petition shall be filed and returnable under the same rules of procedure applicable to divorce proceedings. Such petition shall be filed in the same county in which the original judgment was granted.' "

The law makes the prayer for process necessary in a petition for divorce. It follows that the petition in an action brought under the acts of 1955 to alter and revise a final decree in a

divorce case fixing the amount of permanent alimony the husband is required to pay must pray for process and not be filed as a mere pleading or motion in the original divorce suit.

The pleading in the form of a petition, filed in the present case, was filed under the docket number of the divorce case between the parties disposed of at a prior term of the court, was amended under that number, and in three orders entered by the judge referred to by the same number. It did not pray process. So, it is obvious that the petition did not institute a new and distinct case separate from the divorce case, and really amounted to no more than a motion made in the divorce case disposed of at a previous term of the court. It is equally as apparent that it did not meet the requirements that it be filed and returned under the same rules of procedure as are applicable in divorce cases. In these circumstances, the petition did not confer jurisdiction in the trial judge to grant the prayer that the divorce decree be altered or revised.

*Judgment reversed. All the Justices concur.*