## 22417. MULLINS v. MULLINS.

QUILLIAN, Justice. The principal question in the case sub judice is whether Richmond Superior Court had jurisdiction to enter-

tain a proceeding seeking a modification of a child support decree.

The pertinent facts are as follows: on February 24, 1958, there was a judgment rendered in Richmond Superior Court granting a final divorce to Lottie Carr Mullins and D. Franklin Mullins, Jr., in which decree the custody of the two minor children of the marriage was given to Lottie Mullins and the amount of alimony and child support was fixed. The order further recited: "Until further order of the court, the said sums to be paid for the maintenance and support of the two said minor children shall be paid to the plaintiff [Lottie Mullins]." The petition for divorce and the judgment rendered thereon were filed under the number 7897-A.

In September, 1963, Franklin Mullins filed his petition in the same superior court seeking not a downward revision in the amount of the support payments, but that such payments for his minor son no longer be made to Lottie Mullins as provided in the divorce decree and in view of Lottie Mullins' conduct and refusal to properly utilize the money (so that the son might obtain a college education) that an order issue directing the payments be made directly to the son, Donald Foster Mullins, or to such person "as the court may direct." The petition was filed under the number of the divorce action, #7897-A, and did not pray process. The defendant filed her general demurrers and pointed out that process was not attached to the petition as required by law. She also filed an answer and cross action in which she alleged that there had been a substantial increase in the income of the husband and prayed for an upward modification in the child support payments; that the husband was in arrears in his payments and prayed that he be held in contempt. To the answer and cross action the plaintiff filed general and special demurrers.

The issue came on to be heard on the merits, evidence being introduced in the form of affidavits by both parties. Subsequently, the trial judge sustained the plaintiff's demurrers to the answer and cross action and overruled the defendant's demurrers to the petition. In the final order there were findings of facts based on which certain payments made by the plaintiff to his son, in order that the son might attend college, were applied against the father's obligation for support payments, both past and future. The order further provided

that future payments of the son's college expenses, up to the amount of the award, might be made jointly to Lottie Mullins and the educational institution the son was attending; if the expenditures were less than the amount of the award then the surplus might be paid to Lottie Mullins or jointly to Lottie Mullins and the son. The final judgment and all the pleadings in the case were filed under the same number as the original decree.

The defendant excepted and assigns as error all the adverse rulings made against her.

1. The absence of jurisdiction, appearing on the face of a petition, may be raised by general demurrer complaining that the petition fails to allege a cause of action for the relief sought. *Mullally v. Mullally,* 199 Ga. 708 (2) (35 SE2d 199); *Brown v. Mathis,* 201 Ga. 740, 743 (1) (41 SE2d 137).

2. A trial court has no authority save that provided by statute (Ga. L. 1955, p. 630; *Code Ann.* § 30-220 et seq.) to revise or otherwise modify a child support decree after the term in which such judgment was rendered has expired. *Burch v. Kenmore,* 206 Ga. 277, 279 (56 SE2d 508); *Davis v. Davis,* 218 Ga. 250 (127 SE2d 296).

(a) An attempt to retain jurisdiction of a judgment rendered on a jury verdict by the use of such language as "until further order of the court" is a nullity. *Gilbert v. Gilbert,* 151 Ga. 520 (1, 2) (107 SE 490); *Fricks v. Fricks,* 215 Ga. 137 (109 SE2d 596); *Zuber v. Zuber,* 215 Ga. 314, 316 (2) (110 SE2d 370).

3. Where, as here, the petition obviously does not institute a new and distinct action separate from the original divorce action, and in actuality amounts to no more than a motion made in a case previously disposed of at a prior term, the trial court is without jurisdiction. *Samples v. Alewine,* 217 Ga. 669 (124 SE2d 394); *Davis v. Davis,* 218 Ga. 250, 253, supra.

The trial judge having erred in overruling the defendant's demurrer to the petition, all other proceedings were nugatory.

*Judgment reversed. All the Justices concur.*

SUBMITTED MARCH 9, 1964—DECIDED APRIL 13, 1964.

*Glenn G. Dickenson, Isaac S. Peebles, Jr.,* for plaintiff in error. *D. Field Yow, Boller & Yow,* contra.