23690. SLOWIK, formerly KNORR v. KNORR.

Argued September 15, 1966—Decided October 20, 1966— Rehearing denied November 3, 1966.

*Smith, Ringel, Martin & Lowe, Ralph H. Hicks,* for appellant.
*Jack P. Turner,* for appellee.

COOK, Justice.   Kenneth William Knorr brought a petition in Fulton Superior Court against his former wife, Joanne Pate Knorr, seeking to modify a judgment for permanent alimony entered in that court.   It was alleged that the defendant is a nonresident of Georgia.   Her last known address in Pittsburgh, Pennsylvania is given, and it is prayed that she be served by publication.   The defendant filed a plea to the jurisdiction, alleging that she is a resident of Pittsburgh, Pennsylvania, that she has not been personally served, and has not waived personal service.   She asserted that the Act of the General Assembly entitled, "Modification of Permanent Alimony Judgments" (Ga. L. 1955, pp. 630-632 as amended; *Code Ann.* § 30-220 et seq.), does not authorize Fulton Superior Court to modify a permanent alimony judgment where the defendant, a nonresident, has not been personally served and has not waived personal service. It was further asserted that the provision of the Act that a petition to modify an alimony judgment "shall be filed and returnable under the same rules of procedure applicable to divorce proceedings," contravenes the due process clause of Art. I, Sec. I, Par. III of the Constitution of Georgia (*Code Ann.* § 2-103) and of the Fourteenth Amendment of the Constitution of the United States (*Code* § 1-815), as applied to the facts of the present case.

Section 1 of the 1955 Act (Ga. L. 1955, pp. 630, 631; *Code Ann.* § 30-220) provides in part: "The judgment of a court providing permanent alimony for the support of a wife or child or children, or both, shall be subject to revision upon petition filed by either the husband or the wife showing a change in the income and financial status of the husband.   Such petition shall be filed and returnable under the same rules of procedure applicable to divorce proceedings.   Such petition shall be filed in the same county in which the original judgment was granted.   . ."

In *Bethke v. Taylor,* 214 Ga. 679 (1) (107 SE2d 217), where the factual situation was similar to that in the present case,

this court held: "The petition in the instant case was filed in the county in which the original judgment was granted. The Act further provides that the petition should be filed and returnable under the same rules of procedure applicable to divorce cases. Since the instant case was filed prior to the effective date of Ga. L. 1958, p. 315 et seq., the rules applicable to service upon a nonresident in a divorce case, and also in the instant case, are found in *Code* § 81-206 as amended by Ga. L. 1946, pp. 761, 770, and *Code* § 81-207 as amended by Ga. L. 1946, pp. 761, 771. Service in the instant case was made in accordance with these provisions. The court, therefore, had jurisdiction of the defendant for the purpose of modifying the alimony judgment in accordance with the Act above cited." Constitutional questions in the case were not ruled on because defectively made.

While this court is always reluctant to overrule a unanimous decision of the court, we think previous unanimous decisions of this court required a different conclusion in the *Bethke* case. "The courts of this state have no extra-territorial jurisdiction, and cannot make the citizens of foreign states amenable to their process, or conclude them by a judgment in personam, without their consent." *Dearing v. Bank of Charleston,* 5 Ga. 497 (5); *Gates v. Shaner,* 208 Ga. 454 (67 SE2d 569), and cases cited. "A judgment for alimony is a personal judgment." *Stallings v. Stallings,* 127 Ga. 464, 469 (56 SE 469, 9 LRA (NS) 593); *Fleming v. West,* 98 Ga. 778 (27 SE 157).

The premise on which the ruling in the *Bethke* case is based is that the statute authorizing the modification of alimony judgments provides that a petition under the statute "should be filed and returnable under the same rules of procedure applicable to divorce proceedings." At the time the decision was rendered it was the law of this state that a binding personal judgment for alimony could not be rendered against a nonresident who had not waived personal service. *Hood v. Hood,* 130 Ga. 610 (61 SE 471, 19 LRA (NS) 193, 14 AC 359); *Hicks v. Hicks,* 193 Ga. 446 (1) (18 SE2d 754). A judgment modifying an alimony judgment is a judgment in personam, and the same rule should have been applied. This court therefore improperly held in the *Bethke* case that a court of this state has jurisdiction of a non-

resident for the purpose of modifying an alimony judgment because the modification statute provides for the same procedure as in divorce cases. This ruling in the *Bethke* case is expressly overruled.

The proceeding to modify a judgment for permanent alimony under Ga. L. 1955, pp. 630, 631 (*Code Ann.* § 30-220) is a new action, and not a continuation of the divorce case. *Davis v. Davis,* 218 Ga. 250, 253 (127 SE2d 296); *Mullins v. Mullins,* 219 Ga. 816 (136 SE2d 379).

Under a proper construction of the statute authorizing the modification of a judgment for permanent alimony, the court in this state which rendered the alimony judgment does not have jurisdiction of an action to modify the judgment against a non-resident of the state who has been served only by publication, and who has not waived personal service.

Under this view of the law, it is unnecessary to decide the constitutional question made in the present case, but see: *Young v. Morrison,* 220 Ga. 127 (137 SE2d 456).

> *Judgment reversed. All the Justices concur.*