### 26986. BAKER REALTY COMPANY v. BAKER.

UNDERCOFLER, Justice. Baker Realty Company filed a complaint in the Superior Court of Clayton County against Jasper L. Baker doing business as Baker Realty Associates seeking to temporarily and permanently enjoin him from transacting business under the name of "Baker Realty Associates" and for damages.

The complainant alleges that it was incorporated in 1964 and authorized to transact business as a real estate

agent and broker within the entire Metropolitan Area of Atlanta and has established an excellent reputation as such; that the defendant registered his trade name "Baker Realty Associates" on November 12, 1970, by filing the necessary application in the office of the Clerk of the Clayton County Superior Court; that since that time the defendant has actively and openly engaged in, advertised and solicited business under said name; that the trade name of the defendant is so similar to its corporate style that it has misled and deceived those who have dealt with the defendant to the extent that such persons have mistakenly believed that they were dealing with the complainant, whose reputation is widely known; that complainant has demanded the defendant cease using said name but he has refused and has wilfully misled and deceived the public by palming off his services on the representation by the use of said name that the services were those of the complainant; that such use has been and continues to be for the purpose of depriving the complainant of rights acquired as a result of its incorporation and continuous transaction of business under its corporate name since 1964; that such conduct constitutes unfair trade, unfair competition and an encroachment upon its property rights; and that the complainant is entitled to damages.

The defendant answered the complaint and alleged that it failed to state a claim against him; that the allegations of misleading the public, deception, unfair trade, unfair competition and encroachment on the property rights of the complainant were all untrue; that for approximately four years he has bought and sold Clayton County property in his own name and thus acquired a good and valuable reputation in the real estate business; that he has lived in Clayton County since 1949 and in his advertising stresses the fact that he desires to specialize in Clayton County real estate sales; that after serving an apprenticeship and taking the broker's examination, he obtained his real estate broker's license in October 1970;

that he inquired at the Corporation Department of the Georgia Secretary of State and was told by a clerk that he could use the name "Baker Realty Associates" but he could not incorporate his business because of financial reasons; that he registered his trade name with the Clerk of the Superior Court of Clayton County where he intended to locate his office and solicit business; that several of his Baker relatives are associated with him; that at the time he opened his office, he knew of no one anywhere doing business as Baker Realty Company and he is the only broker by the name of "Baker" actively engaged in business in Clayton County; that after several months of business, he became aware of the existence of Baker Realty Company and modified his standard advertisements to show the wording "Specializing in Clayton County Property"; that he has used his own name reasonably and honestly and has not been guilty of deceitful or fraudulent business dealings.

At the interlocutory hearing, the complainant introduced certain documents in evidence and two affidavits. The affidavits asserted that the defendant knew of its corporate style and established reputation and used the trade name wilfully and without its consent in order to deceive and mislead the general public so as to palm off its services as the services of the complainant; that the defendant refuses to cease using said trade name; that numerous persons have dealt with the defendant mistakenly believing that they were dealing with the complainant; that it receives 4 or 5 telephone calls each day intended for the defendant which causes it inconvenience and harassment; that the defendant published advertisements in various newspapers in the Metropolitan Atlanta Area in which the complainant also publishes its advertisements, thereby causing confusion to the general public and damage to the complainant's business; that it fears that its credit and business reputation may be damaged as a result of the similarity of names; that the defendant could reasonably and without undue hardship

engage in the real estate business using his own name in such a manner that it would not be confusingly or deceptively similar to the name of the plaintiff, and without wilfully and unlawfully encroaching upon the property rights of the plaintiff. The defendant introduced no evidence. After argument and consideration of the evidence, the trial court denied the interlocutory injunction because there was no affirmative showing that the defendant was intentionally deceiving or misleading the public in the operation of his real estate business. The exception is to that judgment. *Held:*

The Uniform Deceptive Trade Practices Act adopted by the Georgia General Assembly in 1968 (Ga. L. 1968, p. 337) provides in Section 2 (a): "A person engages in a deceptive trade practice when, in the course of his business, vocation, or occupation, he: (1) Passes off goods or services as those of another . . . (3) Causes likelihood of confusion or of misunderstanding as to affiliation, connection, or association with, or certification by, another . . ." *Code Ann.* § 106-702 (a) (1) (3).

Section 3 (a) provides: "A person likely to be damaged by a deceptive trade practice of another may be granted an injunction against it under the principles of equity and on terms that the court considers reasonable. Proof of monetary damage, loss of profits, or intent to deceive is not required." *Code Ann.* § 106-703 (a).

The 1968 Act supersedes cases exemplified by *Carter v. Carter Electric Co.,* 156 Ga. 297 (119 SE 737) where it was stated (hn. 2): "Every man has the right to use his own name reasonably and honestly in every way whether in a firm or corporation, nor is a person obliged to abandon the use of his name or to unreasonably restrict it; and where persons or corporations have a right to use a name, the courts will not interfere where the confusion results only from a similarity of the names and not from the manner of the use." See also *Goldberg v. Goldberg,* 159 Ga. 761 (126 SE 823).

We hold, therefore that the Act of 1968 authorizes injunc-

tions restraining the use of a family name previously appropriated by another as a trade name where under all the circumstances such as the other descriptive words of the trade name, the type of business carried on, the geographical area in which the trade name has acquired a meaning, and other distinguishing factors, there remains a likelihood of confusion and misunderstanding among the general public.

However, the denial of an interlocutory injunction will not be reversed unless it appears that the trial court has abused its discretion. We cannot say that the similarity of trade names together with the other evidence demands a finding that the defendant is passing off goods or services as those of another or that his name causes likelihood of confusion or misunderstanding as provided in Section 2 (a) of the 1968 Act. This issue remains for determination upon the final trial.

*Judgment affirmed. All the Justices concur.*
ARGUED FEBRUARY 15, 1972—DECIDED MARCH 9, 1972.

*McCurdy, Candler & Harris, George H. Carley, Charles Rankin Hubert,* for appellant.
*Arthur A. Morrison,* for appellee.