## 30527. TRI-STATE CULVERT MANUFACTURING, INC. v. TRI-STATE DRAINAGE PRODUCTS, INC.

JORDAN, Justice.

This appeal is from the denial of an interlocutory injunction.

Tri-State Culvert Manufacturing, Inc. brought a complaint against Tri-State Drainage Products, Inc. for damages and injunctive relief, alleging that: Since 1965 the plaintiff has been engaged in the business of selling steel and aluminum pipes, culverts, drainage products, and other similar items, and has developed a good and valuable reputation and substantial good will in such business. Its name has acquired a meaning in the geographical area in which it does business synonymous with the service it renders. In May, 1974, its vice president resigned, and in June, 1974, formed the defendant corporation, which is in the business of selling culverts and drainage products in the State of Georgia. The use by the defendant of the words "Tri-State" in its name is a deceptive trade practice in violation of Code Ann. § 106-702 (Ga. L. 1068, pp. 337, 338), in that it causes the likelihood of confusion or misunderstanding as to the source of the goods and services sold by the parties; it causes the goods and services of the defendant to be passed off as those of the plaintiff; and it creates a likelihood of confusion or misunderstanding to customers and creditors of the plaintiff. The defendant's conduct has amounted to an appropriation of the plaintiff's name and good will and has resulted in the unjust enrichment of the defendant. The defendant's conduct is violative of Code § 37-712 in that it has attempted to encroach upon the business of the plaintiff by the use of a similar name with the intention of deceiving and misleading the public.

The defendant denied conduct in violation of Code Ann. § 106-702, or Code § 37-712.

After a hearing, the trial judge denied an inter-

locutory injunction.

1. The first error enumerated is that the trial judge failed to make findings of fact and conclusions of law.

On motion of the appellee, this court requested the clerk of the trial court to transmit to us copy of a supplementary order of the trial judge, entered after the notice of appeal was filed, in which he made findings of fact and conclusions of law. We will consider these findings of facts and conclusions of law in a decision of the case. *Jacobs Pharmacy Co., v. Richards & Assoc.,* 229 Ga. 156, 157 (189 SE2d 853) (1972); *Warren v. Walton,* 231 Ga. 495, 500 (202 SE2d 405) (1973).

2. It is next contended that the court applied the wrong standard for issuance of an injunction under Code Ann. § 106-702. It is argued that the court based its refusal of an injunction on lack of proof of monetary damage.

Code Ann. § 106-703 provides in part: "(a) A person likely to be damaged by a deceptive trade practice of another may be granted an injunction against it under the principles of equity and on terms that the court considers reasonable. Proof of monetary damage, loss of profits, or intent to deceive is not required. . . "

The judge's order does not indicate that interlocutory injunction was denied because of lack of proof of monetary damage.

3. The final error enumerated is that the court erred in finding that the appellant failed to show why an injunction should issue.

The trial judge found that the appellant was not presently being injured by the appellee's use of the words "Tri-State" in its name, and concluded that greater harm might be done to the appellee in granting the injunction than to the appellant in denying it.

The evidence does not demand the grant of an injunction to the appellant, and the trial judge did not err in leaving the issue of injunction until final trial. See *Baker Realty Co. v. Baker,* 228 Ga. 766 (187 SE2d 850) (1972).

*Judgment affirmed. All the Justices concur.*

Submitted January 15, 1976 — Decided February 2, 1976.

*Lipshutz, Zusmann & Sikes, Jay I. Solomon,* for appellant.

*Grizzard & Simons, Jere F. Wood, James A. Parker,* for appellee.