## 37285. GIANT MART CORPORATION v. GIANT DISCOUNT FOODS, INC.

CLARKE, Justice.

Giant Discount Foods, Inc., appellee here, sued to enjoin the use of the names "Giant" and "Discount Foods" by appellant in the operation of its business in Warner Robins, Georgia. The evidence authorized a finding that appellee operated a store in Warner Robins bearing the name and generally recognized in the community as Giant Discount Foods. The name was registered as a trade name with the Clerk of the Superior Court of Houston County. Several years later, appellant which operated food stores in several Georgia locations under the name Giant Mart, opened a store in Warner Robins using this name. In its advertising and on its on-premises signs, appellant tied to its official name the phrase "Discount Foods." The effect of this act was to adopt the name "Giant Mart Discount Foods."

The result of this act was to create confusion among the members of the public and suppliers to the two businesses. The trial court found that because of this confusion, substantial and meaningful inconvenience and difficulty was inflicted upon appellee in that numerous man-hours have been consumed by appellee's employees in attempting to correct errors made by confused customers and suppliers. The trial court concluded that while the word "giant" is a descriptive word which would otherwise be incapable of exclusive appropriation, it has nonetheless acquired a particular meaning in the mind of the trading public in Warner Robins as designating a particular trader. The extensive advertising by appellee using both the name Giant Discount and the logo of a giant has contributed to the creation of a secondary meaning to the word. Therefore, the trial court permanently enjoined appellant's use within the immediate trade area of Warner Robins, Georgia, of the trade names "Giant Mart," "Giant Mart Discount Foods," or any confusingly similar combination of said words which include the word "Giant."

In its appeal, appellant assigns error to the court's ruling that the word "Giant" has acquired a secondary meaning and has been exclusively appropriated by appellee. Appellant further contends the court erred in holding that the trade names "Giant Mart" and "Giant Discount Foods" were confusingly similar and, therefore, the proper subject of injunctive relief.

Trade names are protected by statute in Georgia as well as by common law. Code Ann. § 106-101, et seq., deals with protection of trademarks, service marks, labels and advertising through

registration with the Secretary of State. Injunctive relief and damages are available pursuant to §§ 106-111, 112, as protection against copying, counterfeiting or imitating registered trade names. The provisions of Code Ann. § 106-101, et seq., concerning registration are permissive rather than mandatory. Registration will not operate to deprive another of a previously acquired trade name. *Womble v. Parker,* 208 Ga. 378 (67 SE2d 133) (1951).

Under Code Ann. § 106-115 any entity using a registered or unregistered trade name may seek to have subsequent use by another of the same or similar trade name enjoined ". . . if there exists a likelihood of injury to business reputation or of dilution of the distinctive quality of the . . . trade name . . ., notwithstanding the absence of competition between the parties or of confusion as to the source of goods or services. . . ." To obtain an injunction under Code Ann. § 106-115, plaintiff must show, first, that the trade name sought to be protected is ". . . one of such originality as to be capable of exclusive appropriation, or one not capable of exclusive appropriation but which has acquired a secondary meaning. . . ." *Dolphin Homes Corp. v. Tocomc Dev. Corp.,* 223 Ga. 455, 458 (156 SE2d 45) (1967). A secondary meaning may attach to generic and geographical names and names composed of merely descriptive words which ". . . by long use in connection with the business or trade, come to be understood by the public as designating the goods, services, or business of a particular trader. . . ." *Saunders System Atlanta Co. v. Drive It Yourself Co.,* 158 Ga. 1, 2 (123 SE 132) (1924).

A second requirement for relief pursuant to Code Ann. § 106-115 is that plaintiff show injury to business reputation by dilution of the distinctive value of the trademark, trade name, label or form of advertisement by a subsequent user.

Code Ann. § 37-712, which stems from the law of unfair competition, provides equitable relief from the attempt to encroach upon the business or trade of another by use of similar trademarks, names or devices with the intention of deceiving and misleading the public. Relief under § 37-712 depends upon a showing of intent to deceive. However, this intent may be presumed if encroachment is done with knowledge of prior right. *Womble v. Parker,* 208 Ga. 378, supra; Thompson v. Alpine Motor Lodge, 296 F2d 497 (5th Cir. 1961).

In 1968, the General Assembly added yet another source of relief for the victim of trademark or trade name infringement, the Uniform Deceptive Trade Practices Act, Code Ann. § 106-701, et seq. (Ga. L. 1968, p. 337). Section 106-702 (a) describes the trade practices which are subject to injunction. These include passing off goods or services as those of another, (§ 106-702 (a) (1)), causing likelihood of confusion or misunderstanding as to the source, sponsorship,

approval or certification of goods and services, (§ 106-702 (a) (2)), causing a likelihood of confusion or misunderstanding as to affiliation, connection, association with, or certification by another, (§ 106-702 (a) (3)), and engaging in other conduct creating a likelihood of misunderstanding or confusion, (§ 106-702 (a) (12)).

Code Ann. § 106-702 (b) provides that in order to prevail under this section, the complainant need not prove competition between the parties or actual confusion or misunderstanding. Section 106-703 (a) provides that injunctive relief is available without proof of monetary damage, loss of profits, or intent to deceive.

We have concluded that since there is no evidence of registration of the trade names of either party with the Secretary of State, injunctive relief under Code Ann. § 106-112 is not available. The court made no finding of intent to deceive. Therefore, injunctive relief cannot be grounded on Code Ann. § 37-712. Code Ann. § 106-115 provides protection to unregistered as well as registered trade names which have been exclusively appropriated. The basis of relief under this section is that the use of the same or similar name by another injures the business reputation or dilutes the distinctive quality of the trade name even in the absence of direct competition between the parties or of confusion as to the source of goods or services. There was evidence of injury to the business reputation of appellee caused by the similarity of the names used. The question remains, however, whether appellee has adopted a trade name which is entitled to protection. While we find that the phrase "Giant Discount Foods" constitutes a trade name capable of protection, we find that the word "Giant" is a descriptive term commonly used in the grocery business. As a descriptive term commonly used in the grocery business, the word "Giant" may not be exclusively appropriated as part of a trade name. Because of its common usage in the grocery business, the word "Giant" uniquely resists the acquisition of a secondary meaning which would cause the public to associate the term with only one trader. We find that the court erred in this case in holding that the word "Giant" had acquired a secondary meaning which caused it to be associated in the mind of the public only with the business of appellee. Therefore, appellee was not entitled to an injunction on the basis of Code Ann. § 106-115.

The requirements for injunctive relief pursuant to Code Ann. § 106-701, et seq., the Uniform Deceptive Trade Practices Act, are less stringent than under any of the other sections dealing with protection of trade names and trademarks. Proof of neither direct competition nor actual confusion is required to obtain relief under Code Ann. § 106-703. All that is required is that the use of a name cause confusion to others using reasonable care. This section has been construed only

778

twice by this court. In *Baker Realty Co. v. Baker,* 228 Ga. 766, 770 (187 SE2d 850) (1972), the court held that Code Ann. § 106-702 (a) authorizes injunctions restraining even the use of a family name previously appropriated as a trade name where ". . . under all the circumstances such as other descriptive words of the trade name, the type of business carried on, the geographical area in which the trade name has acquired a meaning, and other distinguishing factors, there remains a likelihood of confusion and misunderstanding among the general public." The denial of the temporary injunction sought was affirmed, this court holding that the extent of the confusion was a question to be determined on the trial of the case. A similar result was reached in *Tri-State Culvert Mfg., Inc. v. Tri-State Drainage Products,* 236 Ga. 157 (223 SE2d 202) (1976).

While we have found that the word "Giant" is, under the circumstances here, incapable of exclusive appropriation by appellee, we do find that the phrase "Giant Discount Foods" constitutes a properly acquired trade name entitled to protection. Therefore we find that under the circumstances of this case, the court erred insofar as its order enjoined the use of the word "Giant" by appellant. However, we find that the coupling of the word "Giant" with the words "Discount Foods" by appellant in its advertising and on its marquee created circumstances of confusion which constitute a deceptive trade practice. We hold, therefore, that insofar as the injunction prohibits use of the three words "Giant," "Discount" and "Foods" in any combination by appellant in the immediate trade area of Warner Robins, Georgia, the judgment should be affirmed. The case, therefore, is remanded to the trial court for modification of the judgment in accordance with this opinion.

*Judgment affirmed in part, reversed in part, and remanded with direction. All the Justices concur.*

DECIDED JULY 7, 1981.

*Walker, Clarke, McConnell, Richardson & Hulbert, Lawrence C. Walker, Jr., Michael G. Gray,* for appellant.
*Edwin S. Varner, Jr.,* for appellee.