46390. ELITE PERSONNEL, INC. v. ELITE PERSONNEL SERVICES, INC.
(378 SE2d 117)

CLARKE, Presiding Justice.

Plaintiff (appellee) Elite Personnel Services, Inc., was incorporated in April of 1988. Defendant (appellant) Elite Personnel, Inc., was not incorporated until July 1988, but had been operated by its owner as Elite Personnel since October of 1987. Plaintiff sought an injunction against defendant's use of the name Elite Personnel. The trial court found that plaintiff was entitled to an injunction because defendant had violated the Uniform Deceptive Trade Practices Act, OCGA § 10-1-372. The court found that defendant had never taken the steps necessary to obtain statutory protection for the name and that the name was not entitled to common law protection in that it was neither capable of exclusive appropriation nor had it acquired secondary meaning. We affirm.

1. The first issue on appeal is whether the court was correct in enjoining the defendant/appellant's use of the name Elite Personnel

for business purposes. The thrust of defendant's argument is his contention that the name Elite Personnel is suggestive rather than descriptive. Suggestive names, as opposed to descriptive names, are entitled to protection without proof that the name has acquired a secondary meaning. *University of Ga. Athletic Assn. v. Laite,* 756 F2d 1535 (11th Cir. 1985). However, "[t]he rule is well established that a generic or descriptive word is incapable of exclusive appropriation by a trader. (Cites omitted.) Such words are publici juris (that is, belong as a matter of right to the public as a whole) in their primary sense and their use by others is damnum absque injuria for which no action lies." *Multiple Realty v. Multiple Listing Service,* 220 Ga. 437, 440 (139 SE2d 326)(1964). The trial court was correct in finding that the term "Elite Personnel" is descriptive in nature and incapable of exclusive appropriation in the absence of a secondary meaning.

Defendant next argues that even if the term "Elite Personnel" were descriptive rather than suggestive, the term has acquired a secondary meaning so as to be entitled to protection. A necessary element of secondary meaning is that the name has been used over such a long period of time that the name has become associated with a particular business or product. The six-month period between defendant's use of the name Elite Personnel and plaintiff's incorporation as Elite Personnel Services, Inc., is, under the circumstances of this case, too short a period to cause the name to be exclusively associated with a particular business.

Finally, defendant argues that it is entitled to trade name protection under the Uniform Deceptive Trade Practices Act and that plaintiff should be enjoined from using the name Elite Personnel Services, Inc. Defendant took no steps to protect the name until after plaintiff had incorporated using the name. It failed to register its name as required by OCGA § 10-1-490. Therefore, it cannot claim the protection of the Uniform Deceptive Trade Practices Act, OCGA § 10-1-371 et seq. Similarly, the statutory protection of OCGA § 10-1-451 is available only upon registration of a trade name with the Secretary of State. *Giant Mart Corp. v. Giant Discount Foods,* 247 Ga. 775, 777 (279 SE2d 683) (1981).

2. The second issue here is whether the mere fact of reservation of a corporate name under OCGA § 14-2-41 entitles a corporation to exclusive right to that name. Plaintiff insists that the trial court so ruled. Defendant contends that the reservation of a corporate name which has acquired no secondary meaning does not in itself confer protection of the name. Under OCGA § 14-2-41, a corporation is allowed to reserve a name before actual incorporation. That this reservation does not *always* confer an exclusive right to the use of the name in trade or business or even for corporate purposes is clear. OCGA § 14-2-40 (corporate names generally) provides at (b) (3) that

194

nothing in the code section shall derogate from the common law or limit the law as to unfair competition or unfair trade practice. Further, OCGA § 14-2-41 provides at subsection (e) that in some instances the reservation of a corporate name may be revoked. However, in this case the court found, and we agree, that defendant has no right under the common law or any other statutory law to protection of the name Elite Personnel. The court found that defendant had no protected interest in the name and correctly enjoined defendant from use of the name in its trade or business.

However, since the Secretary of State granted Articles of Incorporation to defendant in July 1988, as Elite Personnel, Inc., presumably the Secretary of State found the name sufficiently distinguishable for corporate purposes. OCGA § 14-2-40 (a) (3). We find that defendant may continue to use the name for corporate purposes as distinguished from trade or business purposes.

*Judgment affirmed. All the Justices concur.*

DECIDED APRIL 10, 1989 —
RECONSIDERATION DENIED MAY 3, 1989.

*Bassett, Gerry, Friend & Koenig, William D. Friend, Robert E. Bauer, Rhonda L. Klein,* for appellant.
*Jeffrey N. Berman,* for appellee.