S96A0234. FUTURE PROFESSIONALS, INC. v. DARBY et al.
(470 SE2d 644)

SEARS, Justice.

Appellant Future Professionals, Inc. ("FAPA") and appellees Darby and Aviation Information Resources, Inc. ("Darby" and "AIR") are engaged in the business of providing career counseling services to prospective job applicants in the airline industry. This case was initiated when FAPA filed a complaint seeking to determine the value of stock Darby owned in FAPA. Thereafter, AIR was joined as a defendant, and FAPA amended its original complaint to include an alleged violation of the Georgia Uniform Deceptive Trade Practices Act ("the Act" or "UDTPA"), OCGA § 10-1-370 et seq., against AIR. This appeal is concerned solely with the trial court's grant of partial summary judgment in favor of AIR with respect to that count.[1] Because we find that the phrase FAPA seeks to protect under the Act, "future airline pilots," is merely descriptive, and has not acquired any secondary meaning that would trigger protection under UDTPA, we affirm.

1. In the superior court, FAPA sought to enjoin AIR's use of the phrase "future airline pilots" in its advertisements and promotions, contending that the phrase is and has been associated by a substan-

---

[1] Because the sole remedy available under the Act is "injunctive relief . . . *under the principles of equity,*" (emphasis supplied) OCGA § 10-1-373 (a), this Court has jurisdiction over this matter. Ga. Const. of 1983, Art. VI, Sec. VI, Par. III (2). But see *Pittman v. Harbin Clinic Professional Assn.,* 263 Ga. 66 (428 SE2d 328) (1993); *Beauchamp v. Knight,* 261 Ga. 608 (409 SE2d 208) (1991).

tial number of individuals in the aviation industry with FAPA. FAPA argued that AIR's use of the phrase "future airline pilots" to promote its products and services had created actual confusion or misunderstanding with respect to the products and services provided by FAPA, entitling it to injunctive relief.

The trial court granted AIR summary judgment on FAPA's count under the Act, ruling that the phrase "future airline pilots" is merely descriptive and is not entitled to protection under the Act. The trial court also found that the phrase is neither a protected name utilized by FAPA nor a registered trademark or service mark. FAPA argues on appeal that the trial court erred in misinterpreting the Act so as to apply it only to registered trade and service marks, and trade names. FAPA also argues that the trial court erred in granting AIR summary judgment when issues of material fact remain concerning whether the phrase "future airline pilots" has acquired secondary meaning sufficient to trigger the Act's protections.

2. Georgia protects trade names by both common law and statute.[2] One of these statutes, UDTPA, entitles a person to the protection of a trade name when another person's use of a similar name "causes likelihood of confusion or of misunderstanding as to the source, sponsorship, approval, or certification of goods or services."[3] A party "likely to be damaged" by such deceptive trade practices may obtain injunctive relief without proving either monetary damages or that the offender intended to deceive the consuming public by causing confusion or misunderstanding.[4] The requirements for obtaining relief under UDTPA are less stringent than other relevant statutory sections, and "all that is required [for relief under UDTPA] is that the use of a name cause confusion to others [who are] using reasonable care."[5]

While the registration of a trademark or service mark is a prerequisite for relief under certain other sections of the Code,[6] UDTPA does *not* require a party seeking relief thereunder to have registered the relevant trade or service mark or name.[7] To the extent this Court ruled otherwise in *Elite Personnel v. Elite Personnel Svcs.*,[8] that opinion is hereby overruled.

Accordingly, had the trial court in this case entered summary judgment against FAPA on its UDTPA claim merely because the

---

[2] *Deidrich v. Miller &c. Assoc.*, 254 Ga. 734, 736 (334 SE2d 308) (1985); *Giant Mart Corp. v. Giant Discount Foods*, 247 Ga. 775 (279 SE2d 683) (1981).
[3] OCGA § 10-1-372 (a) (2) (1989).
[4] Id. § 10-1-373.
[5] *Giant Mart Corp.*, 247 Ga. at 777.
[6] See OCGA §§ 10-1-450; 10-1-451; *Deidrich*, 254 Ga. at 737.
[7] *Giant Mart Corp.*, 247 Ga. at 777.
[8] 259 Ga. 192, 193 (378 SE2d 117) (1989).

phrase "future airline pilots" is not a registered trade or service mark or name belonging to FAPA, that ruling would have been in error. As emphasized by FAPA, the trial court did note in its order that the phrase "future airline pilots" was not a registered mark or name. However, we reject FAPA's argument that merely by noting that "future airline pilots" is not registered, the trial court improperly limited its application of the Act to registered marks or names. Rather, as explained in Division 3 below, we find that the trial court's ruling was properly based upon its findings that there was no genuine issue of material fact that "future airline pilots" is purely descriptive and has no secondary meaning, and that AIR was entitled to a judgment as a matter of law.

3. It is well established that descriptive words or phrases are incapable of exclusive appropriation, and are not entitled to protection as a mark or name unless the party seeking relief establishes that the word or phrase has acquired a secondary meaning due to (1) its use in connection with the business or trade of the party seeking relief, and (2) the public's understanding, through such use, that the word or phrase designates the goods, services, or business of that party.[9]

The evidence of record in this case shows that the phrase "future airline pilots" is generic in nature, and describes potential customers of businesses that provide career counseling services to job applicants in the airline industry. The evidence also shows that at the time it filed its claim, FAPA had not used the phrase "future airline pilots" in its advertising for at least several years. In this regard, the trial court correctly found that the phrase was not utilized by FAPA to describe its services. Moreover, the record contains no admissible evidence of consumer confusion or misunderstanding regarding the source of the phrase "future airline pilots," or that would tend to show that the phrase is associated by a substantial number of individuals with FAPA.[10] Accordingly, the trial court's ruling must be affirmed because there is no genuine issue of material fact that the phrase "future airline pilots" is descriptive in nature, and has not acquired any secondary meaning that would entitle it to protection under UDTPA, making AIR entitled to a judgment as a matter of law.

*Judgment affirmed. All the Justices concur, except Carley, J., who concurs specially.*

CARLEY, Justice, concurring specially.

I concur in the majority's affirmance of the grant of partial sum-

---

[9] See *Giant Mart Corp.*, 247 Ga. at 776.
[10] See *Wilson v. Nichols*, 253 Ga. 84, 86 (316 SE2d 752) (1984) (evidence submitted in opposition to motion for summary judgment must be admissible).

mary judgment in favor of Aviation Information Resources, Inc. (AIR) on Future Professionals, Inc.'s (FAPA) claim under the Georgia Uniform Deceptive Trade Practices Act (Act). I cannot, however, agree with the majority that, in order to reach that result, the unanimous decision in *Elite Personnel v. Elite Personnel Svcs.*, 259 Ga. 192, 193 (1) (378 SE2d 117) (1989) must be overruled.

This Court always has been and should continue to be reluctant to overrule its prior unanimous decisions. *Slowik v. Knorr*, 222 Ga. 669, 671 (151 SE2d 726) (1966). This is especially true where the overruling of a previous decision is unnecessary. See, e.g., *Gifford-Hill & Co. v. Harrison*, 229 Ga. 260, 262 (191 SE2d 85) (1972); *Drury v. State*, 211 Ga. 888, 889 (89 SE2d 513) (1955). Compare *Hall v. Hopper*, 234 Ga. 625, 631-634 (216 SE2d 839) (1975), where we held that a majority of this Court has the *authority* to vote not to follow prior unanimous decisions. Overruling *Elite Personnel* is clearly unnecessary because, as the majority itself notes, the trial court did *not* improperly limit its application of the Act to registered marks or names, but *did* properly base its ruling on the finding that the phrase "future airline pilots" is purely descriptive and has no secondary meaning as a matter of law.

More importantly, however, nothing in *Elite Personnel* conflicts with the majority's conclusion that registration of the relevant trade or service mark or name is not a prerequisite to seeking relief under the Act. *Elite Personnel*, supra at 193 (1), merely holds that one of the parties therein could not claim the protection of the Act because it "failed to register its name *as required by* OCGA § 10-1-490." (Emphasis supplied.) By its terms, OCGA § 10-1-490 mandates registration of certain trade names and OCGA § 10-1-493 provides that the failure to register when required is a misdemeanor. As the majority points out in its first footnote, "the sole remedy available under the Act is 'injunctive relief . . . *under the principles of equity*,' OCGA § 10-1-373 (a)." (Emphasis in original.) It seems clear to me that one who has committed a misdemeanor by failing to register a trade name cannot be deemed to have "clean hands" when seeking injunctive relief against another party's use of that name. Thus, I believe that this Court was correct in its narrow holding in *Elite Personnel*, supra at 193 (1), that one who is required to register a trade name under OCGA § 10-1-490 and fails to do so cannot claim the protection of the Act.

Because I believe that the majority has unnecessarily and erroneously overruled *Elite Personnel*, but nevertheless has correctly affirmed the judgment of the trial court, I concur specially.

DECIDED MAY 20, 1996.

*James L. Seigle,* for appellant.
*Greenfield, Bost & Kliros, William L. Bost,* for appellees.