19464. PIRKLE *v.* PIRKLE *et al.*

WYATT, Presiding Justice. On June 23, 1949, Mrs. Lillon Louise Pirkle filed her petition against Walter Edwin Pirkle, seeking a total divorce, alimony and custody of the minor children. A consent decree was entered on January 9, 1950, which, among other things, provided as follows: "The court awards custody of the children of the parties as follows: To the plaintiff, with the right of visitation by the defendant to be determined

by the court upon application." On March 10, 1956, Walter Edwin Pirkle filed his petition against Mrs. Lillon Louise Pirkle in the style and under the same Turner Superior Court number as the former divorce proceeding, seeking to obtain a definite determination of his visitation rights. There was no prayer for process and no process was attached. At the hearing, the defendant made an oral motion to dismiss the petition. The motion was sustained, and the petition was dismissed. The exception here is to that judgment. *Held:*

1. "A judgment fixing the custody of a minor child of divorced parents is a final one on the facts then existing and any attempt by the trial judge to retain jurisdiction of the child is a nullity. *Anthony* v. *Anthony,* 212 *Ga.* 356 (92 S. E. 2d 857) and citations." *Perry* v. *Perry,* 212 *Ga.* 668 (1) (95 S. E. 2d 2).

2. After the adjournment of the term during which it was rendered, there is no procedure provided under the law of this State by which to amend or modify a judgment fixing the custody of a minor child. The remedy is by a new petition based upon sufficient legal grounds and instituting a new case for a redetermination of the rights of custody; not by petition to modify or amend the original decree. *Perry* v. *Perry,* supra, and cases cited.

3. It therefore follows, the judgment of the court below, sustaining the motion to dismiss the petition and dismissing the petition, was not error.

*Judgment affirmed. All the Justices concur.*

Submitted September 10, 1956—Decided December 5, 1956.

*John R. Rogers,* for plaintiff in error.
*James H. Pate,* contra.

