### 21126. HEFFERNAN v. HEFFERNAN.

DUCKWORTH, Chief Justice. In case No. 151-B, Richmond Superior Court, a total divorce was granted to Shirley Koontz Heffernan, and William J. Heffernan, Jr., the defendant, was allowed to remarry, and the decree awarded custody of three of the children to the mother and two to the father. The decree also contained a clause providing that either party may petition the court to change the custody because of changed conditions and "The court retains jurisdiction of this case." The divorced husband filed this petition long after the final decree, in the same court and as Case No. 151-B, and reciting in paragraph 2 that under the terms of said decree, this court retained jurisdiction of the case for the purpose of giving consideration to a petition for change in custody in the event of a change in circumstances of the parties. This petition makes numerous general allegations of circumstances, and prays that the custody of all the children be changed to the father. Rule nisi issued, directing that service be made on Joseph B. Cumming, attorney of record for Shirley K. Adams, formerly known as Shirley Koontz Heffernan. Service was acknowledged by Mr. Cumming as the attorney of record, and as attorney for Shirley K. Adams he filed a motion to dismiss the petition on the ground that nothing was alleged to authorize a change of custody. This motion was overruled, and the exception is to that judgment. *Held:*

That the judgment fixing custody was final, hence not subject to being held in abeyance and the court was utterly without

power to retain jurisdiction, and the trial judge's attempt to do so was a nullity, is clearly settled by repeated decisions of this court. *Fuller v. Fuller,* 197 Ga. 719 (30 S. E. 2d 600); *Danziger v. Shoob,* 203 Ga. 623 (48 S. E. 2d 92); *Burton v. Furcron,* 207 Ga. 637 (63 S. E. 2d 650). In view of these controlling decisions, no allegations of change in conditions, no matter how strong, when made as was done here in the same case and as a part thereof, where a final judgment had already been made, show grounds for changing the custody as therein fixed, and it was error to deny the motion to dismiss.

*Judgment reversed. All the Justices concur.*

ARGUED JANUARY 9, 1961—DECIDED FEBRUARY 9, 1961.

*Cumming, Nixon, Eve, Waller & Capers,* for plaintiff in error. *Henry J. Heffernan, John F. Hardin,* contra.