### 21707. PALMER v. BUNN.

DUCKWORTH, Chief Justice. 1. The bill of exceptions clearly stating that the final judgment refusing to set aside judgments of the lower court which modified a final decree of court by changing the custody portion of the decree after a hearing on contempt citations was contrary to law, it specifies plainly the decision complained of and the alleged error within the meaning of *Code Ann.* § 6-901. Since the record shows that the petition to vacate and set aside the orders allegedly null and void because they were taken after citations for contempt for violations of a custody decree in which no changes of conditions affecting the interest and welfare of the children were alleged, it shows grounds for setting aside those judgments. Hence, the decision complained of involves merely a law question requiring no consideration of evidence and the final order does not specify that any evidence was heard but the judgment excepted to was issued after argument, and the motion to dismiss the bill of exceptions is without merit. *Barksdale v. Brown,* 16 Ga. 95 (1), 97. Compare *Fulton County v. Phillips,* 208 Ga. 795 (69 SE2d 865); and *Forio v. Forio,* 217 Ga. 813 (125 SE2d 486).

2. A citation for contempt is not the proper remedy to compel obedience to a judgment that merely declares the rights of the parties in accordance with an agreement between them in regard to the allowance of reasonable visitation privileges.

The only portion of such a divorce and alimony decree which may be enforced by punishment for contempt is that which commands the parties to obey, and this has been construed only to extend to the payment of alimony unless said order expressly commands the parties to give full recognition to the other's rights. *Code* §§ 24-105, 30-204, 30-219; *Hammock v. Hammock*, 209 Ga. 751 (76 SE2d 15); *Mote v. Mote*, 214 Ga. 134 (103 SE2d 565).

3. Where, as here, the lower court awarded custody of children in accordance with an agreement between the parties whereby the father was allowed reasonable visitation privileges "to have said children to visit him, even overnight, at reasonable times and places . . . as do not interfere with the health, education or general welfare of said children" a judgment issued upon a petition alleging only a violation of said rights by the refusal to allow visitation and praying for a citation for contempt is illegal, null and void in so far as it attempts to change the original judgment as to the custody rights. A modification of such final order may be made only in another case where it is shown that there have been changes in circumstances affecting the interest and welfare of the children since that final judgment. *Fuller v. Fuller*, 197 Ga. 719 (30 SE2d 600); *Burton v. Furcron*, 207 Ga. 637 (63 SE2d 650); *Heffernan v. Heffernan*, 216 Ga. 588 (118 SE2d 483). Both orders here sought to be set aside amount to modifications of the final order where there were neither allegations of changes of conditions affecting the interest and welfare of the children nor a prayer for a judgment to that effect, and they are therefore null and void and may be attacked anywhere and any time in any court. The court erred in refusing to vacate and set aside these void judgments.

*Judgment reversed. All the Justices concur.*

SUBMITTED JULY 9, 1962—DECIDED SEPTEMBER 6, 1962.

*Dan Copland, Arthur F. Copland,* for plaintiff in error. *Ernest C. Britton,* contra.