## 23226. THOMAS v. THOMAS.

QUILLIAN, Justice. This is the review of the superior court's judgment in a habeas corpus case in which each parent claimed the right to separate custody of minor children. A final divorce decree between the parties awarded the children to the mother, applicant in the habeas corpus case and appellee here. Thereafter, after the expiration of the term of the court when the decree was entered, the parties agreed that the decree be modified so as to award the father custody of the children. No new proceedings were instituted as provided by *Code* § 74-107, as amended by Ga. L. 1957, pp. 412, 413, Ga. L. 1962, pp. 713, 715, but a petition was filed under the same number as the divorce proceeding seeking modification of the divorce decree. When the habeas corpus case came on for trial, the father relied upon the judgment modifying the final decree in the divorce case and set the same up in a plea of res judicata. The trial judge overruled the plea and found the mother was entitled, under the original decree, to custody of the children. These judgments are assigned as error. *Held:*

1. The final divorce decree awarded custody to the wife, appellee here. After it was entered and when the term expired the superior court lost jurisdiction of the case. That court had no authority to retain jurisdiction to modify the decree in the same case. *Anthony v. Anthony,* 212 Ga. 356 (92 SE2d 857) ; *Perry v. Perry,* 212 Ga. 668 (95 SE2d 2).

2. The judgment which modified the decree was rendered in the same case as the divorce decree and after the term expired. It was not brought under *Code Ann.* § 74-107 or in a separate habeas corpus action; hence, was a mere nullity. *Palmer v. Bunn,* 218 Ga. 244 (127 SE2d 372). The trial court had no jurisdiction of a petition to even construe a decree brought in and under the same number as the divorce, and not as required by the procedure recognized by Georgia law under which a final divorce decree may be modified, in any manner, subsequent to the expiration of the term at which it was rendered. *Pirkle v. Pirkle,* 212 Ga. 752 (95 SE2d 663). The fact that the judgment modifying the decree was not excepted to after it was entered makes no difference since being a nullity it could be attacked at any time. *Code* § 110-701; *Palmer v. Bunn,* 218 Ga. 244, supra.

*Judgments affirmed. All the Justices concur.*

ARGUED DECEMBER 13, 1965—DECIDED JANUARY 10, 1966.

*Russell & McWhorter, Richard B. Russell, III,* for appellant.
*Reed & Dunn,* for appellee.