23269. ADAMS v. ADAMS.

ARGUED DECEMBER 14, 1965—DECIDED JANUARY 18, 1966.

Quillian & Quillian, Alfred A. Quillian, Davis & Davidson, Jack S. Davidson, for appellant.

Mae Dee Bell Adams, per se, for appellee.

COOK, Justice. ■ "An order or judgment that merely declares the rights of the parties, without any express command or prohibition, is not one which may be the basis of contempt proceedings." *Mote v. Mote,* 214 Ga. 134 (103 SE2d 565); *Hammock v. Hammock,* 209 Ga. 751 (76 SE2d 15). The order entered on September 5, 1961, granting custody of the minor children of the parties to the father, merely declared the visitation privileges of the mother, and did not make any express command or prohibition in connection with these privileges. The visitation rights of the mother under this order could not be enforced by attachment for contempt.

■ The petitions by the mother under consideration on this appeal were filed in the original divorce action long after the expiration of the term at which the judgment in the divorce action was entered. "The term at which the judgment sought to be modified having expired, a petition filed in the original case did not give the trial court jurisdiction to modify a judgment awarding custody of minor children." *Samples v. Alewine,* 217 Ga. 669 (124 SE2d 394); *Heffernan v. Heffernan,* 216 Ga. 588 (118 SE2d 483); *Palmer v. Bunn,* 218 Ga. 244 (127 SE2d 372).

In the recent case of *Thomas v. Thomas,* 221 Ga. 652 ( SE2d ), it was held: "The judgment which modified the decree was rendered in the same case as the divorce decree and after the term expired. It was not brought under *Code Ann.* § 74-107

or in a separate habeas corpus action; hence, was a mere nullity. *Palmer v. Bunn*, 218 Ga. 244 (127 SE2d 372). The trial court had no jurisdiction of a petition to even construe a decree brought in and under the same number as the divorce, and not as required by the procedure recognized by Georgia law under which a final divorce decree may be modified, in any manner, subsequent to the expiration of the term at which it was rendered. *Pirkle v. Pirkle*, 212 Ga. 752 (95 SE2d 663)."

The proceedings under review in the present case attempted to modify a final divorce decree after the expiration of the term at which it was entered, by a modification of the custody provisions, and it was error to deny the motion to dismiss the proceedings.

Since the proceedings were void and lifeless, it is unnecessary to decide whether or not the judge hearing them was disqualified to act as contended in the special pleas.

*Judgment reversed. All the Justices concur.*