24475. HIRSH v. DOBB.

ARGUED FEBRUARY 13, 1968—DECIDED MARCH 7, 1968.

*Nall, Miller, Cadenhead & Dennis, Gerald A. Friedlander,* for appellant.

*Arnold Shulman,* for appellee.

GRICE, Justice. This appeal emanates from a petition seeking modification of a decree awarding custody of a minor child. The father, Marvin Charles Hirsh, filed the petition in the Superior Court of Fulton County against the mother, Merle Berchenko Dobb. He alleged that by the original decree of September 16, 1966, the mother was granted custody of the child. He further alleged that since that decree the mother left the child, moved to Maryland, remarried, removed away from it and failed to care for it; and that he took care of the child. His petition prayed that the decree be modified so as to give him full custody

and the mother reasonable visitation privileges. The mother's answer denied the material allegations of the petition, and requested return of the child to her and modification of the father's visitation rights.

The trial court by its judgment found no change of condition warranting a change in custody but made certain modifications to be referred to later.

The appeal is from that judgment. Enumerated as errors are matters relating to the conduct of the trial, exclusion of evidence and modification of the decree.

■ We deal initially with those enumerations pertaining to conduct of the trial.

■ The first enumeration complains of the trial court's refusal to allow the father to call the mother as his first witness for purposes of cross examination. As to this, the transcript of testimony shows that the father's attorney merely stated "I would like to call [the mother]," that the court then stated, "No, you make out your case first," that thereupon the father's attorney replied "I'll call [the father] to the stand," and that the father then testified. From what thus appears, the father did not seek cross examination of the opposite party pursuant to that right under Code Ann. § 38-1801, but sought to make her his own witness. Furthermore, he acquiesced in the court's ruling, and he later cross examined her. For these reasons this complaint is not meritorious.

■ The second of these enumerations contends that the trial court erred in calling the mother to the witness stand on direct examination immediately following the testimony of the father, rather than allowing him to call his other witnesses and present his case. The father made no objection and did not state that he had not rested his case, but merely replied "We have a number of witnesses," without making any statement as to what their testimony would be or showing the materiality of such testimony. This enumeration is likewise without merit.

■ The third enumeration in this category urges that it was error to terminate the testimony of the paternal grandmother and to refuse to allow her to testify because of her lack of knowledge of the mother's conduct since the original decree.

The transcript shows that when this occurred the father's attorney stated that this witness knew nothing as to this feature, which was the decisive issue in the case. No error was thus committed.

■ The final enumeration in this group is that the trial court terminated the hearing prematurely and prevented the father from presenting his case by refusing to allow further evidence and stating that it was going to enter an order immediately. The father made no objection, and made no statement that he had any further evidence to present. From what appears the presentation of evidence had then been completed. Thus it does not appear that the father was denied any right. This enumeration is not valid.

■ We next treat the enumerations that deal with the exclusion of evidence.

■ Four of these enumerations relate to cross examination. The first and second will be dealt with jointly. The first urges that the father's right of cross examination was abridged by the court's continually refusing to allow him to impeach the mother and refusing to allow him a thorough and sifting cross examination of her. The second enumeration insists that this right was abridged by ordering the mother to leave the witness stand prior to the father's completion of his cross examination, thereby terminating it. The transcript does not sustain these two contentions. The father, through his counsel, was afforded full opportunity to elicit all evidence which was germane to the issue before the court.

The third of these enumerations complains that the father was not permitted to cross examine the mother concerning a fight between her father and the man she claims she has since married, and also concerning the latter's arrest record. No showing was made by the father as to what he sought to elicit from this witness as to these two matters, and hence their relevancy was not made to appear. This complaint is therefore not justified.

The fourth of such enumerations is that the court refused to allow the father to interrogate the mother and others concerning her conduct between the original decree and the trial, but limited the questioning to the mother's conduct at the time of the trial

only. The record does not support this assertion. The judge several times stated that he would not permit the parties to retry their divorce case and was interested only in present conditions. However, he also told the father that he could attempt to show the mother's unfitness and the present husband's character. No error was committed in this respect.

■ Two of these enumerations are based upon the court's refusal to allow testimony which the father offered.

The father sought to have a physician testify concerning the progress of the child and his opinion as to the best interest and welfare of the child. However, he did not show what this testimony would have been, or that it was relevant to the issue before the court. Hence this enumeration is without merit.

The other enumeration pertains to a copy of divorce proceedings involving Dobb, the man the mother claims she subsequently married. This evidence, the father contends, would demonstrate that when Dobb filed that suit in Georgia he was no longer a resident of Georgia. The father claims that this shows lack of jurisdiction of the court granting Dobb's divorce and hence its invalidity, thus bringing into question the validity of the mother's marriage to him and showing that she is living in an adulterous and bigamous state, which would have demanded that custody be vested in the father. It was not shown that the mother at any time knew of this alleged invalidity of the divorce, so as to impute any unfitness to her. This enumeration cannot be sustained.

■ Finally, we give consideration to the enumerations relating to the judgment entered upon the hearing.

■ The first is that the court found as its most important fact in determining custody that the mother did not return to Georgia for a substantial period of time after her departure, either to see or take her child, because she was ill, whereas the evidence demanded a finding that she did not return because of other stated reasons. The judgment did not contain any such finding. Its only finding of fact insofar as determining custody is concerned is the recital that there "was no evidence in this case to show why the agreement [incorporated in the decree sought to be modified] should not be carried out." This enumeration is not meritorious.

■ The second of these enumerations is that the court erred in refusing to grant custody to the father when the evidence demanded a finding of change of conditions. From our study of the evidence no such finding was demanded. The mother's remarriage and removal to another state was substantially all that the father proved in his effort to show a change of conditions warranting a change of custody. These do not suffice. *North v. North*, 209 Ga. 883 (2), 884-885 (76 SE2d 617); *Mercer v. Foster*, 210 Ga. 546, 548-549 (81 SE2d 458). The evidence was ample to support the finding that there had been no material change of conditions.

■ The third of these enumerations contends that if the court properly found that the father had shown no change in conditions since the original decree, it erroneously modified that decree without the legal right to do so, contrary to the doctrine of res judicata. The modification provided dates and plan of transportation, with contempt consequences, for the previously decreed divided custody upon remarriage of the mother, and provided for payment by the father to the mother of $40 per month for the support of the child when he was with the mother, instead of $50 per month as provided by the original decree.

We have concluded that this was error. Since the trial court found that no material change in conditions substantially affecting the welfare of the child had been proved, it had no power to make these modifications. In *Palmer v. Bunn*, 218 Ga. 244 (127 SE2d 372), we held that in a custody issue, "A modification of such final order may be made only in another case where it is shown that there have been changes in circumstances affecting the interest and welfare of the children since that final judgment."

Direction is given that the judgment entered on the hearing be vacated and that judgment be entered denying the prayers of both parties.

*All judgments, except that rendered upon the hearing, are affirmed. The judgment rendered upon the hearing is affirmed with direction. All the Justices concur.*