## 28705. CANNON v. BREJCHA.

SUBMITTED MARCH 11, 1974 — DECIDED APRIL 4, 1974.

*Harrison, Martin, Childs & Foster, Mobley F. Childs, John R. Grimes,* for appellant.

GRICE, Chief Justice.

This appeal is from an order of the Superior Court of DeKalb County involving questions of custody of the minor child of the father Rollen D. Brejcha and the mother Dellade Brejcha Cannon.

The order denied the father's complaint seeking custody of the child because no change in condition subsequent to its award of custody to the mother under a prior divorce decree had been shown, but also modified the father's visitation rights, ordered certain communications between the parties and enjoined specified actions of both parties which were not provided for in the original decree.

The mother's appeal does not question the first part of the order denying the change of custody sought by the father, but contends that all those provisions of the second part pertaining to the injunctions, communications and modified visitation rights are null and void and of no effect because the father did not request such modification, it is contrary to the doctrine of res judicata and the necessary change of circumstances affecting the interests and welfare of the minor child was not shown.

We agree.

This court was faced with a similar factual situation in *Hirsh v. Dobb,* 224 Ga. 130, 134 (160 SE2d 386). What was said there is applicable here: "Since the trial court found that no material change in conditions substantially

affecting the welfare of the child had been proved, it had no power to make these modifications. In *Palmer v. Bunn,* 218 Ga. 244 (127 SE2d 372), we held that in a custody issue, 'a modification of such final order may be made only in another case where it is shown that there have been changes in circumstances affecting the interest and welfare of the children since that final judgment.' "

*Judgment affirmed as to Part One; reversed as to Part Two. All the Justices concur.*