## 29326. JONES v. JONES.

GUNTER, Justice.

This appeal is from a judgment that changed custody of a minor child from the father to the mother. The father had been awarded permanent custody of the child by a judgment entered August 29, 1973, in the Superior Court of Cobb County, Georgia. When the present action for change of custody was filed in Cobb Superior Court in February of 1974, the father, the child, and the child's paternal grandparents, who had been awarded temporary custody of the child by a Florida court, were all residents of and physically in Florida.

When the present action to change custody was filed in Cobb Superior Court the father appeared by his attorney and entered a plea to the jurisdiction. He did not make a general appearance in Cobb Superior Court, and

he did not attempt to defend on the merits. The father's plea to the jurisdiction was overruled, the trial judge proceeded with a hearing to change custody based on changed conditions, and judgment awarding custody to the mother was entered. The father has appealed from that judgment.

A complaint to change custody awarded by a prior final judgment must be brought as a new action. It is an entirely separate proceeding from the former action in which custody was awarded by a final judgment. See *Adams v. Adams,* 221 Ga. 710 (146 SE2d 759) (1966); *Pirkle v. Pirkle,* 212 Ga. 752 (95 SE2d 663) (1956). Also, Georgia courts have no jurisdiction to entertain a new custody action when both the parent having custody and possession of the child and the child are domiciled and physically present in another state. *German v. Johnson,* 231 Ga. 454 (1) (202 SE2d 89) (1973) states the rule as follows: "Where a parent who is the legal custodian of a minor child moves to another state and establishes residence there, the courts of this state lose jurisdiction of any new questions concerning the custody, control, and welfare of the minor child, and have no jurisdiction to entertain a petition by the other parent seeking to deprive the nonresident parent of the custody of the child."

Other cases have allowed an action against the nonresident parent when the child is physically present in Georgia and the nonresident parent has been served in this state. See *Padgett v. Penland,* 230 Ga. 824 (199 SE2d 210) (1973). The Georgia cases seem to be unanimous in holding that Georgia courts have no jurisdiction to adjudicate custody where the parent with custody is a nonresident and the child remains physically outside of the State of Georgia.

Complaints to procure or change custody are either applications for writs of habeas corpus or actions in the nature of habeas corpus. And for a Georgia court to have subject-matter jurisdiction either the child must be within the jurisdiction of the court or the party having legal custody or possession of the child must be subject to the jurisdiction of the court. Under the facts of this case, the trial court was without subject-matter jurisdiction to determine the issue sought to be adjudicated.

*Judgment reversed. All the Justices concur.*

SUBMITTED OCTOBER 18, 1974 — DECIDED FEBRUARY 25, 1975.

*Hansell, Post, Brandon & Dorsey, Dent Acree,* for appellant.
*Ben Smith, Roy E. Barnes,* for appellee.