## 31355. DROPKIN v. DROPKIN.

HILL, Justice.

The mother appeals from a Glynn Superior Court order giving full faith and credit to a 1976 Kansas order giving child custody to the father.

The parties were divorced in Kansas in 1973 and custody of their six children was granted to the mother.

On April 25, 1975, the Kansas court ordered one of the children placed with the father. On April 26, 1975, the mother and the five children moved to Glynn County. On May 7, 1975, the father filed a motion in the Kansas court seeking custody of the five children. Service was made upon the mother's Kansas attorney who was also her attorney-in-fact, and on the mother in Georgia by registered mail. In December 1975 a consent order was entered in Kansas concerning the father's Christmas visitation rights. On March 30, 1976, the mother defaulting, the Kansas court granted the May 1975 motion and ordered custody of the five children changed to the father.

In April 1976 the father brought a habeas corpus action in Glynn County seeking to enforce the Kansas change of custody order. Glynn Superior Court accorded the order full faith and credit and granted the father's writ of habeas corpus.

On appeal the mother contends that the Kansas court had neither personal jurisdiction nor subject matter jurisdiction and that the Glynn Superior Court erred in enforcing the Kansas order. The father contends that the Kansas proceeding was continuing in nature and that the Kansas court had jurisdiction to entertain his motion. The parties agree that Kansas law not having been shown, it is presumed to be the same as Georgia law.

Although we frequently see pleadings labeled "Motions for Change of Child Custody," actually once a final divorce and permanent award of child custody is entered, a change of custody can be ordered only upon the filing of a new complaint. In *Pirkle v. Pirkle,* 212 Ga. 752 (2) (95 SE2d 663) (1956), the court held that "After the adjournment of the term during which it was rendered, there is no procedure provided under the law of this State by which to amend or modify a judgment fixing the custody of a minor child. The remedy is by a new petition based upon sufficient legal grounds and instituting a new case for a redetermination of the rights of custody; not by petition to modify or amend the original decree." As stated in *Jones v. Jones,* 233 Ga. 793, 794 (213 SE2d 659) (1975): "A complaint to change custody awarded by a prior final judgment must be brought as a new action. It is an

entirely separate proceeding from the former action in which custody was awarded by a final judgment. See *Adams v. Adams,* 221 Ga. 710 (146 SE2d 759) (1966); *Pirkle v. Pirkle,* 212 Ga. 752 (95 SE2d 663) (1956)." We therefore proceed by treating the father's motion for change of custody filed in the Kansas court as a new complaint.

The Glynn Superior Court found as a fact that the Kansas court had jurisdiction over the parties and over the subject matter. No court reporter was available at the habeas hearing and neither party objected to the lack of a court reporter. In addition, both parties agreed to the habeas judge's telephoning the clerk of the Kansas court concerning pleadings filed, service of process and other matters which transpired in the Kansas proceedings. In view of the absence in this record of evidence contrary to the court's findings, we cannot say that the court erred in finding that the Kansas court had jurisdiction and according full faith and credit to its order. Although the court found that the mother left Kansas in April 1975, the court found that she has maintained her Kansas driver's license and voter registration, and the court did not find her to be a resident of Georgia. Moreover, the court found that the father's motion (petition) had been served on the mother's attorney who had been appointed as her attorney-in-fact.

The mother contends that two recent cases of this court require us to reverse. Her reliance, however, is misplaced. In *Schowe v. Amster,* 236 Ga. 720 (225 SE2d 289) (1976), a Georgia superior court found that the mother was a Georgia resident and refused to recognize an Indiana modification order entered without jurisdiction over her. In *Boggus v. Boggus,* 236 Ga. 126 (223 SE2d 103) (1976), the Georgia court refused to give full faith and credit to a California custody order after finding that the California court had no personal jurisdiction over the defendant, a Georgia resident. In the case before us the habeas court did not find the mother to be a resident of Georgia at the time of the filing and serving of the petition for change of custody in Kansas. The two cited cases are therefore inapplicable here.

Under the full faith and credit clause of the United

States Constitution, Code § 1-401, a judgment of a foreign court will be enforced by the courts of this state unless it is shown that the foreign court lacked jurisdiction of the person or subject matter or that the judgment was procured by fraud. *Gordon v. Gordon,* 237 Ga. 171 (227 SE2d 53) (1976). The showing necessary to avoid the effect of the Kansas judgment has not been made.

*Judgment affirmed. All the Justices concur.*

ARGUED SEPTEMBER 13, 1976 — DECIDED OCTOBER 19, 1976.

*Mark F. Gorman, John L. Cromartie, Jr.,* for appellant

*G. Carroll Palmatary,* for appellee.