## 76552. BENNETT v. WOOD.
(373 SE2d 645)

SOGNIER, Judge.

Lucian Lincoln Wood, Jr., filed a motion pursuant to OCGA § 19-9-3 (b) in the Superior Court of DeKalb County seeking modification of visitation rights with his minor son. Wood's former wife, Holly Wood Bennett, filed a response to Wood's motion raising various objections to jurisdiction and venue in DeKalb County as well as challenging the propriety of using the motion as a vehicle for modification. The trial court granted Wood's motion to modify certain aspects of the visitation rights, and we granted Bennett's application for discretionary appeal.

The record reveals that the parties were divorced in the Superior Court of Cobb County in 1983, and a final order regarding custody, visitation and child support was entered by that court in September

1984 and modified at the request of appellant in regard to certain aspects of visitation in November 1984. One year later, appellant filed an action in Cobb County for contempt of the order regarding child support and seeking a change in visitation. Appellee raised defenses of lack of jurisdiction and improper venue to the modification action based on his residence in DeKalb County, and that action was dismissed. Appellant refiled the petition seeking modification of visitation in DeKalb County, and that action resulted in an order entered May 2, 1986, modifying certain visitation provisions. No appeal from that order was taken.

At the time the 1986 DeKalb County order was entered, appellant was living in Candler County. Subsequent to the entry of that order, appellant married a resident of Bacon County, and in December 1986 moved her residence to that county. On September 16, 1987, some fifteen months after the DeKalb County order had been entered, appellee filed his motion in DeKalb County which resulted in the order appealed here.

1. Appellant contends the trial court erred by entertaining this action because any action to modify visitation must be brought in Bacon County, her county of residence. We agree and reverse.

It is well established that the term "custody" includes visitation rights. OCGA § 19-9-22 (1). OCGA § 19-9-23 (a) provides that "[e]xcept as otherwise provided in this Code section, after a court has determined who is to be the legal custodian of a child, any complaint seeking to obtain a change of legal custody of the child shall be brought as a separate action in the county of residence of the legal custodian of the child." Thus, the plain meaning of OCGA § 19-9-23 (a) is that an action by the noncustodial parent to modify visitation with a minor child must be brought in the county of residence of the custodial parent. The problem arises because of an apparent conflict between the language in OCGA § 19-9-23, and that found in the identical provisions of OCGA §§ 19-9-1 (b) and 19-9-3 (b). The two latter statutes provide that "[i]n any case in which a judgment awarding the custody of a minor has been entered, *on the motion of any party or on the motion of the court*, that portion of the judgment effecting visitation rights between the parties and their minor children may be subject to review and modification or alteration without the necessity of any showing of a change in any material conditions and circumstances of either party or the minor, provided that the review and modification or alteration shall not be had more often than once in each two-year period following the date of entry of the judgment. However, this subsection shall not limit or restrict the power of the court to enter a judgment relating to the custody of a minor in any new proceeding based upon a showing of a change in any material conditions or circumstances of a party or the minor." (Emphasis sup-

plied.)

Appellee argues that the language in OCGA §§ 19-9-1 (b) and 19-9-3 (b) authorizes him to bring a motion in the court issuing the last judgment effecting custody or visitation rights between the parties (i.e., DeKalb County), thereby excusing him from initiating a new suit in the county of residence of the legal custodian (i.e., Bacon County). We agree with appellee that these statutes permit modification of visitation rights to be sought by motion as well as by bringing a new action. However, we cannot agree that both methods are always suitable. Rather, the suitability of either method must be tested against the applicable facts in each particular case. While modification of visitation rights may properly be sought by motion during ongoing litigation initiated in the correct forum, we reject appellee's argument that OCGA §§ 19-9-1 (b) and 19-9-3 (b) dispense with the necessity of personal jurisdiction over the defendant. The fact that OCGA §§ 19-9-1 (b) and 19-9-3 (b) allow modification of visitation rights absent the *change in conditions* necessary for a change in custody does not demand otherwise. Not only would such a construction be constitutionally impermissible, see Art. VI, Sec. II, Par. VI, Const. of Ga., 1983, it would frustrate the very purposes set forth by the legislature for enacting the Child Custody Intrastate Jurisdiction Act by encouraging forum shopping. See OCGA § 19-9-21 (a). "It is an elementary rule of statutory construction that a statute must be construed in relation to other statutes of which it is a part, and all statutes relating to the same subject-matter, briefly called statutes 'in pari materia,' are construed together, and harmonized wherever possible, so as to ascertain the legislative intendment and give effect thereto." *Ryan v. Commrs. of Chatham County*, 203 Ga. 730, 731-732 (48 SE2d 86) (1948). We harmonize the provisions of OCGA § 19-9-1 (b) and OCGA § 19-9-3 (b) with those of OCGA § 19-9-23 by holding that the former come into play *only* when jurisdiction and venue are also proper. As it is undisputed in this case that the prior action had terminated with the entry of a final order, that appellee's motion was out of term, and that appellant was not a resident of DeKalb County, the DeKalb County court did not have the required personal jurisdiction over her, and the trial court erred by entertaining the modification action.

Ordinarily, where an action is brought and improper venue is alleged, the Uniform Transfer Rules apply, see 251 Ga. 893-895, and the action is transferred rather than dismissed. In this case, however, modification having been sought by motion when no prior action was pending, our decision that the motion was improper leaves nothing capable of being transferred.

2. Appellant's remaining enumeration is rendered moot by our decision in Division 1 reversing the judgment below.

*Judgment reversed. Deen, P. J., concurs. Carley, J., concurs in judgment only.*

DECIDED SEPTEMBER 9, 1988 —
REHEARING DENIED OCTOBER 3, 1988

*M. Theodore Solomon II, William J. Edgar,* for appellant.
*Lucian Wood, Jr.,* pro se.