A89A0942. IN THE INTEREST OF D. N. M., a child.
(389 SE2d 336)

POPE, Judge.

Appellant/mother filed a "Petition to Review and Modify or Alter Visitation" of appellee/father in the Superior Court of Bibb County in which she sought to prohibit the father from visiting with his three-year-old daughter. Pursuant to the mother's request, the superior court entered an order referring the mother's petition to the juvenile court for consideration. The juvenile court entered an order denying the mother's petition for modification of visitation, and we granted the mother's application for discretionary appeal. *Held:*

1. The mother first challenges the jurisdiction of the juvenile court to hear the petition, based on her contention that because the petition was filed under the case number previously assigned to the parties' divorce action, which was finalized on March 25, 1985, it was not brought as a separate action as required by the relevant statutory provisions and case law. Under the facts of the present case, we find no merit to these contentions.

Although it is true that a complaint to change visitation awarded by a prior final judgment must be brought as a new action pursuant to OCGA § 19-9-23, we do not believe the mere fact that the party filing the petition or complaint, here the appellant/mother, typed in the previous case number should be dispositive of this issue. Instead, we have examined the record and find the following to be illuminative in considering whether the petition was in fact brought as a separate action: a complaint cover sheet was completed by the mother and filed with the petition; court costs, as noted on the petition, were paid at the time of filing; the petition recited facts necessary to establish personal jurisdiction over the defendant/father; the petition contained a prayer for relief; the petition was verified; and lastly, the petition was filed with the father's acknowledgment of service. If, as the mother contends, the petition was in fact brought as a motion or part of an existing action, none of these steps would have been necessary. All that was lacking in the present case to ensure that this was treated as a separate action was the assignment of a new case number

when the petition was initially filed in superior court.[1] We do not believe that such a failure, precipitated by the mother by inscribing the old case number on the petition when she filed it, should serve to divest the court of jurisdiction in this case. Moreover, we do not feel that the cases cited by the mother, in which the court found that "[n]o new proceedings were instituted" require a different result. See, e.g., *Thomas v. Thomas*, 221 Ga. 652 (146 SE2d 724) (1966). Here, it is clear that new proceedings were instituted. Consequently, we find no merit to this enumeration. Cf. *Bennett v. Wood*, 188 Ga. App. 630 (1) (373 SE2d 645) (1988).

2. The mother also contends that the superior court was without authority to transfer this matter to the juvenile court "because, under the provisions of OCGA Section 15-11-6 (b), the Superior Court has the authority to transfer custody cases to the Juvenile Court only if they are cases involving 'divorce, alimony or habeas corpus. . . .'" We disagree that this statute should be so construed.

OCGA § 15-11-5 (c) provides that "[w]here custody is the subject of controversy, except in those cases where the law gives the superior courts exclusive jurisdiction, in the consideration of these cases the juvenile court shall have concurrent jurisdiction to hear and determine the issue of custody and support when the issue is transferred by proper order of the superior court." "It is well established that the term 'custody' includes visitation rights. OCGA § 19-9-22 (1)." *Bennett*, supra at 631. Consequently, under the plain wording of the statute the superior and juvenile courts exercise *concurrent* jurisdiction over all matters relating to custody and visitation, except in those situations in which exclusive jurisdiction is vested in the superior court. The matters delineated in OCGA § 15-11-6 (b), which the mother contends are the *only* matters which may be transferred to the juvenile court for consideration, are matters over which the superior court, as opposed to the juvenile court, usually exercises exclusive jurisdiction. Thus, we believe that the legislature enacted the provisions of OCGA § 15-11-6 (b) simply to provide specific authorization for the transfer of questions concerning custody and support to the juvenile court in those cases over which the superior court otherwise would exercise exclusive jurisdiction. Inasmuch as the petition here, which sought only to modify visitation, was not a matter over which the superior court had exclusive jurisdiction, it was thus authorized to transfer the matter to the juvenile court for determination pursuant to OCGA § 15-11-5 (c). We find no error. See *Graves v. Graves*, 186 Ga. App. 140 (366 SE2d 809) (1988).

---

[1] We note also that the proceedings were assigned a new case number by the juvenile court.

3. After a thorough review of the record and the findings of fact by the juvenile court, we conclude that the mother's remaining enumerations are without merit.

*Judgment affirmed. Banke, P. J., and Sognier, J., concur.*

DECIDED OCTOBER 10, 1989 —
REHEARING DENIED DECEMBER 5, 1989 —

*Erion & Exum, Charles T. Erion*, for appellant.
*E. Thomas Shaffer, Jr.*, for appellee.