## A89A1927. WARD v. WARD.
(391 SE2d 480)

COOPER, Judge.

Following the trial court's modification of an award of visitation, we granted appellant's application for discretionary appeal.

Appellant and appellee's final decree of divorce, entered in the Superior Court of Clayton County during the November 1988 term of court, awarded custody of one of the minor children to appellee, with liberal visitation to appellant. On February 6, 1989, the first day of the February 1989 term, appellee filed a motion to amend the award of visitation in the Superior Court of Clayton County. Although the action was styled the same as the divorce action, the clerk assigned a

new case number. Appellant responded contending that since she was now a resident of Fayette County, venue was improper in Clayton County. At the hearing on the motion, the court denied appellant's motion to transfer the case, directed the court to change the case number to that of the divorce action, and modified appellant's visitation.

1. We deal preliminarily with appellee's contention that the motion to modify visitation was filed within the same term of court in which the final decree of divorce was entered. " 'The trial court has the inherent power to amend or set aside a judgment for any "meritorious reason" provided the motion to set aside is filed during the term in which the judgment was rendered. [Cit.]' " *Goode v. O'Neal, Banks & Assoc.*, 165 Ga. App. 162 (300 SE2d 191) (1983). Appellee contends that his secretary tendered the motion to the court on February 3, 1989, the last day of the November 1988 term, but the motion was not filed until three days later because the judge was unavailable to sign a rule nisi. Since the record does not reflect that the motion was filed within the term, we find appellee's contention to be without merit.

2. Appellant enumerates three errors of the trial court, all of which can be resolved by our consideration of one issue: whether the trial court had jurisdiction to entertain the motion to modify visitation. The parties to this appeal each rely on different Code sections. Appellant relies on OCGA § 19-9-23 (b), which provides: "A complaint by the legal custodian seeking a change of legal custody or visitation rights shall be brought as a separate action in compliance with Article VI, Section II, Paragraph VI of the Constitution of this state." Appellee relies on OCGA § 19-9-1 (b), which provides: "In any case in which a judgment awarding the custody of a minor has been entered, on the motion of any party. . . , that portion of the judgment effecting visitation rights between the parties and their minor children may be subject to review and modification or alteration. . . ."

In *Bennett v. Wood*, 188 Ga. App. 630 (1) (373 SE2d 645) (1988), appellee, seeking modification of his visitation with his minor son who resided with appellant, argued that pursuant to OCGA § 19-9-3 (b) his action was properly brought in the court issuing the last judgment effecting visitation. Appellant argued that under OCGA § 19-9-23 (a), venue was only proper in the county where she resided. We recognized an apparent conflict between the language of OCGA § 19-9-23 and that of OCGA §§ 19-9-1 (b) and 19-9-3 (b), and harmonized these provisions "by holding that [19-9-1 and 19-9-3] come into play *only* when jurisdiction and venue are also proper." *Bennett v. Wood*, supra at 632. Inasmuch as the record shows that the divorce action terminated with the entry of a final judgment and decree; that appellant subsequently changed her residence to Fayette County; and that appellee filed his motion to modify outside the term of court, we find

the trial court erred in ruling on appellee's motion to modify visitation. Appellee's reliance on *Blalock v. Blalock*, 247 Ga. 548 (1) (277 SE2d 655) (1981) is misplaced. *Blalock* involved a motion for contempt, in which a modification of visitation was also sought, and we held that such an action was *not* a new action, but simply a motion in the original case.

At the hearing on appellee's motion to modify visitation, appellant moved for an order transferring the case to Fayette County. "Ordinarily, where an action is brought and improper venue is alleged, the Uniform Transfer Rules apply [cit.], and the action is transferred rather than dismissed." *Bennett v. Wood*, supra, 632. However, since a final judgment and decree had been entered prior to appellee's motion to modify visitation, there was no action pending to transfer to Fayette County. See *Bennett v. Wood*, supra.

*Judgment reversed. Deen, P. J., and Birdsong, J., concur.*

DECIDED FEBRUARY 28, 1990.

*McNally, Fox, Mahler & Cameron, Philip P. Grant*, for appellant.

*Joseph R. Baker*, for appellee.


