## A94A1649. ROGERS v. BAUDET.
(449 SE2d 900)

RUFFIN, Judge.

Appellant, Joseph Rogers, and appellee, Cathy Baudet, are former husband and wife. When the parties divorced in 1991, Baudet was awarded custody of the couple's three minor children. In 1993, however, permanent custody of the oldest child, Christopher, was awarded to Rogers. Rogers and Christopher are residents of Kentucky. Rogers brought this action seeking custody of the other two children in Fannin County, Georgia, Baudet's residence. Baudet counterclaimed seeking, inter alia, custody of and visitation for Christopher.

Rogers subsequently dismissed his complaint and moved to dismiss Baudet's counterclaim on grounds that custody modifications are required to be brought in the county and state where the legal custodian of the child resides, in this case Kentucky. Baudet filed no response to the motion and Rogers subsequently filed another motion to dismiss the counterclaim under OCGA § 9-11-41 because Baudet had not objected to the motion to dismiss the complaint. The trial court denied both of Rogers's motions. The court also denied Baudet's counterclaim for change of custody, but it did establish a schedule for visitation for Christopher. We granted Rogers's application for discretionary appeal to determine whether the trial court had jurisdiction to consider the counterclaim and issue the visitation schedule.

1. Rogers contends the trial court erred in failing to dismiss Baudet's counterclaim because it lacked jurisdiction under OCGA

§ 19-9-23. We agree. OCGA § 19-9-23 (a) provides that "after a court has determined who is to be the legal [guardian] of a child, any complaint seeking to obtain a change of legal custody of the child shall be brought in a separate action in the county of residence of the legal custodian of the child." We have held that a counterclaim seeking a change of custody in an action brought by the custodial parent in the county of the noncustodial parent's residence is improper because (1) it is not a separate action and (2) it is not brought in the county of the custodial parent's residence. *Jones v. Jones*, 256 Ga. 742, 743 (352 SE2d 754) (1987). Thus, Fannin County, the county of residence of the noncustodial parent, lacked jurisdiction to consider Baudet's counterclaim for custody of Christopher, including her prayer that visitation be established.

2. Rogers also contends the court erred in modifying, sua sponte, the visitation schedule for Christopher. It is unclear from the record whether the court simply established a visitation schedule for Christopher as requested in Baudet's counterclaim or modified, sua sponte, an existing one as appellant contends. However, neither is permissible. Although a trial court may modify, sua sponte, visitation under certain circumstances pursuant to OCGA §§ 19-9-1 (b) and 19-9-3 (b), those provisions "come into play *only* when jurisdiction and venue are also proper." (Emphasis in original.) *Bennett v. Wood*, 188 Ga. App. 630, 632 (1) (373 SE2d 645) (1988). "[T]he plain meaning of OCGA § 19-9-23 (a) is that an action by the noncustodial parent to modify visitation with a minor child must be brought in the county of residence of the custodial parent." Id. at 631. Thus, the court in the instant case had no jurisdiction to establish or modify visitation, sua sponte or otherwise.

3. Given our holding above, we need not address whether the court erred in failing to dismiss the counterclaim pursuant to OCGA § 9-11-41.

*Judgment reversed. Birdsong, P. J., and Blackburn, J., concur.*

DECIDED NOVEMBER 14, 1994.

*C. Alan Mullinax,* for appellant.
*James L. Bass,* for appellee.