A95A0643. In the Interest of C. P., a child.
(458 SE2d 166)

Smith, Judge.

C. P., a minor, appeals from the denial of her timely motion to set aside the sentence imposed after she was adjudicated delinquent.

C. P., who was then 13 years old, was placed on probation in February 1994 for possessing alcohol. In September 1994, she was adjudicated delinquent for violating the terms of that probation. In addition to other treatment, the juvenile court judge ordered her to serve 90 days in a youth development center, as provided by OCGA § 15-11-35 (b). That statute, as amended, provides in pertinent part that if a child "is adjudicated for the commission of a delinquent act, the court may in its discretion, in addition to any other treatment or rehabilitation, order the child to serve up to a maximum of 90 days in a youth development center."

C. P. contends that because the Code section grants discretion to the juvenile court to order this particular sentence only when the child has been adjudicated delinquent, and because possession of alcohol is defined by the Code as an unruly, rather than a delinquent, act, the trial court was without authority to sentence her under OCGA § 15-11-35 (b). The issue for determination is, therefore, whether possession of alcohol by a minor can ever be a delinquent act.

The juvenile court concluded that possession of alcohol can be either a delinquent act or an unruly act, and that it had the discretion to sentence C. P. under OCGA § 15-11-35 (b). Although we do not agree with the juvenile court's reasoning, we agree that sentencing under OCGA § 15-11-35 (b) was proper, and we affirm.

The court based its conclusion that possession of alcohol may be either a delinquent act or an unruly act primarily upon OCGA § 3-3-24.1, which, until its recent amendment, dealt with entry by minors onto the premises of business establishments engaged in the retail sale of alcoholic beverages in counties with certain populations. The legislature amended OCGA § 3-3-24.1 in 1994, reserving subsection (b); the statute in its present form does not contain a definition of conduct that would be a violation of the statute. Under subsection (c) of that statute, "[a]ny person violating this Code section shall be guilty of a misdemeanor, except that the violation of this Code section

by a person under 17 years of age shall constitute a delinquent act under Chapter 11 of Title 15 and not a misdemeanor."

We do not agree with the juvenile court that OCGA § 3-3-24.1 has any bearing on this case. Former subsection (b) of that Code section, which provided the definition of a violation thereunder, was in effect at the time C. P.'s original probation was imposed, but the record does not establish that it was violated by C. P. The record in this case does not indicate that she ever obtained alcohol by entering a retail establishment; the original probation was imposed after C. P. was found to have been in possession of alcohol at a party. It follows that because subsection (b) has no application here, subsection (c) of the statute, which makes a violation of the statute a delinquent act, does not apply, either.

Nevertheless, we agree with the juvenile court that possession of alcohol by a minor can be either a delinquent act or an unruly act. OCGA § 15-11-2 (6) defines a delinquent act as: "(A) An act designated a crime by the laws of this state . . . [that] does not fall under subparagraph (C) of paragraph (12) of this Code section [an offense applicable only to a 'child'] and is not a juvenile traffic offense as defined in Code Section 15-11-49; (B) The act of disobeying the terms of supervision contained in a court order which has been directed to a child who has been adjudged to have committed a delinquent act; or (C) Failing to appear as required by a citation issued with regard to a violation of Code Section 3-3-23."

"Child" is defined in OCGA § 15-11-2 (2) as "any individual who is: (A) Under the age of 17 years; (B) Under the age of 21 years, who committed an act of delinquency before reaching the age of 17 years, and who has been placed under the supervision of the court or on probation to the court; or (C) Under the age of 18 years, if alleged to be a 'deprived child' as defined by this article."

Possession of alcohol by minors is a crime. OCGA § 3-3-23. It is not, however, a crime applicable only to children as that term is defined in OCGA § 15-11-2 (2), because it is also a crime when committed by persons between the ages of 17 and 21. OCGA § 3-3-23 (1). It therefore meets the definition of a delinquent act set forth in OCGA § 15-11-2 (6) (A). See generally *In the Interest of T. S.*, 211 Ga. App. 46 (438 SE2d 159) (1993) (affirming adjudication of minor as delinquent for possessing alcohol). It is also an act that renders a child unruly under the clear language of OCGA § 15-11-2 (12) (G).

Under established rules of statutory construction, we cannot ignore the clear language of either statute. Statutes in pari materia must be construed together and harmonized, if possible, so as to ascertain and give effect to the legislative intent. *Bennett v. Wood*, 188 Ga. App. 630, 632 (373 SE2d 645) (1988). The legislature obviously did not intend that the presence of any of the factors enumerated in

OCGA § 15-11-2 (12) would bar a finding of delinquency. We therefore agree with the juvenile court that possession of alcohol can be either a delinquent or an unruly offense. Since possession of alcohol can be a delinquent act, it follows that violating a court-ordered probation imposed for such an offense can likewise be a delinquent act. OCGA § 15-11-2 (6) (B), (12) (F). The trial court did not err in sentencing C. P. under the provisions of OCGA § 15-11-35 (b).

*Judgment affirmed. Birdsong, P. J., and Johnson, J., concur.*

DECIDED MAY 31, 1995.

*Scott J. Forster*, for appellant.

*T. Joseph Campbell, District Attorney, Rebecca B. Tierce, Assistant District Attorney*, for appellee.