**FIFTH DIVISION
MCFADDEN, P. J.,
MCMILLIAN and GOSS, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules**

**June 19, 2019**

# In the Court of Appeals of Georgia

A19A0502. O'BRIEN v. LEWIS.                                    GS-018

GOSS, Judge.

On appeal from a trial court's order modifying custody in favor of the mother of the two children at issue, the father asserts that the trial court erred in denying his motion to dismiss the mother's counterclaim for visitation, awarding child support to the mother, denying the father's offer of proof at the final hearing, and awarding the mother attorney fees. We find no error and affirm.

Under the parties' 2013 divorce decree entered in DeKalb Superior Court, the parents had joint legal custody of the children, with the mother having primary physical custody and neither parent paying child support. These proceedings began when the mother, Jennifer Lewis, filed a petition for modification of visitation and child support in DeKalb County Superior Court, where the father continued to reside. The father, Todd O'Brien, answered and counterclaimed for attorney fees and then

for modification and child support. When the mother moved to dismiss the father's counterclaim under OCGA § 19-9-23 (b), the father voluntarily dismissed it.

In the meantime, the mother moved with the children to Forsyth County. The trial court granted the father's application for an injunction and ordered the children returned to school in DeKalb County. When the mother amended her petition in DeKalb Superior Court to dismiss her request for change in visitation, the father filed his own petition for modification of custody and child support in Forsyth County. Because the only issue remaining in the DeKalb County proceeding was the mother's claim for modification of child support, the parties moved the DeKalb court to transfer the mother's case to Forsyth County and jointly moved the Forsyth court to consolidate the cases. The DeKalb court transferred the mother's case, and the Forsyth court ordered the cases consolidated.

The mother then filed an amended answer, including a counterclaim, in which she moved to modify visitation under the former version of OCGA § 19-9-3 (b), which authorized a trial court to modify visitation "on the motion of any party or on the motion of the judge . . . without the necessity of any showing of a change in any material conditions and circumstances of either party or the child . . . once in each two-year period following the date of entry of the judgment," or more frequently if a material change has occurred. The father moved to dismiss the motion on the

2

ground that under OCGA § 19-9-23, the mother was required to bring her counterclaim as a separate action in DeKalb County, where the father still lived. After a hearing, the trial court denied the father's motion, noting that he had filed his own modification action in Forsyth County, that the cases had been consolidated there on joint motion of the parties, and that the court was empowered therein to take account of the children's best interests.

A final hearing was held in January 2018. During the father's cross-examination of the mother, the trial court sustained the mother's relevancy objection as to a dispute between herself and her nephew and refused the father's proffer as to these family difficulties. On January 31, the court entered a final order increasing the mother's parenting time and awarding her $2,349 in monthly child support. The court also vacated its previous injunction requiring the mother to return the children to their DeKalb school. The father then missed his February 2018 child support payment, in light of which the trial court excepted the child support provisions of the final order from any supersedeas. After a second hearing, no transcript of which appears in the appellate record, the court awarded the mother $30,000 in attorney fees under OCGA §§ 19-6-15 and 19-9-3 (g).[1] The father's motion for new trial was denied.

---

[1] The mother had previously submitted billing records showing that she had incurred more than $75,000 in attorney fees.

1. The father first asserts that the trial court should have granted his motion to dismiss the mother's counterclaim to modify visitation. We disagree.

The current version of OCGA § 19-9-23 provides in relevant part:

(a) [A]ny complaint seeking to obtain a change of legal custody of the child *shall be brought as a separate action in the county of residence of the legal custodian of the child.*

(b) A complaint by [a] legal custodian seeking *a change* of legal custody *or visitation rights shall be brought as a separate action* in compliance with Article VI, Section II, Paragraph VI of the Constitution of this state.

(c) *No complaint specified in subsection (a) or (b) of this Code section shall be made: (1) [a]s a counterclaim* or in any other manner in response to a petition for a writ of habeas corpus seeking to enforce a child custody order; *or (2) [i]n response to any other action or motion* seeking to enforce a child custody order. . . .

4

(Emphasis supplied.)[2] It is also "well established that the term 'custody' includes visitation rights." *Bennett v. Wood*, 188 Ga. App. 630, 631 (1) (373 SE2d 645) (1988); see also OCGA § 19-9-22 (1).

We understand "'[t]he plain meaning of OCGA § 19-9-23 [to be] that an action . . . to modify visitation with a minor child must be brought in the county of residence of the custodial parent.'" *Rogers v. Baudet*, 215 Ga. App. 214, 214 (449 SE2d 900) (1994), quoting *Bennett,* 188 Ga. App. at 631 (1). Here, the mother and the father shared legal custody under the 2013 divorce decree, with the mother having primary physical custody, such that when the father filed his modification action in Forsyth County, he did so "in the county of residence of [a] legal custodian of the child" – that is, in the county of residence of the mother, who had joint legal and primary physical custody. OCGA § 19-9-23 (a).[3] Further, "where a nonresident voluntarily

---

[2] We note that the new version of OCGA § 19-9-23, which was signed into law on May 7, 2019, and takes effect on July 1, 2019, removes the current requirement that a modification complaint be brought "as a separate action in the county of residence of [a] legal custodian" and explicitly authorizes "a counterclaim for modification of legal custody or physical custody in response to a complaint" for modification of the same. OCGA § 19-9-23 (a), (d) (effective July 1, 2019), 2019 Ga. L. 281.

[3] Indeed, this father could have filed his action in either DeKalb or Forsyth County because both parents shared legal custody. We also note that the father's action did not make any specific request as to custody, child support, or visitation.

institutes a suit in a county in this State," he submits himself, "for all purposes of that suit, to the jurisdiction of the courts of the county in which the suit is pending." (Footnote and punctuation omitted.) *Colbert v. Colbert*, 321 Ga. App. 841, 844 (2) (743 SE2d 505) (2013); see also *Hopkins v. Hopkins*, 237 Ga. 845, 847 (1) (229 SE2d 751) (1976) (the waiver provisions of the Civil Practice Act "on jurisdiction of the person and venue are applicable to custody cases as well as divorce cases"). As the trial court correctly noted, this father consented to the Forsyth court's jurisdiction over the parties' disputes over all custody issues, including parenting time, visitation rights, and child support. See *Colbert*, 321 Ga. App. at 844 (a superior court "properly acquired jurisdiction" over a custody dispute, including motions for contempt, when both parents had filed petitions or motions in that court); *Goldstein v. Goldstein*, 229 Ga. App. 862, 864 (2) (a) (494 SE2d 745) (1997) (an appellant submitted to the jurisdiction of a trial court when she filed a petition to modify a custody order in that court).

Although the dissent disagrees with this conclusion, none of the cases cited there involve a situation where, as here, the parties already shared legal custody and agreed to submit to the jurisdiction of the court in a preexisting and ongoing custody dispute before that court. In *Rogers*, for example, a father living in Kentucky had sole custody of the child at issue and had dismissed his Georgia custody action, after

6

which the mother brought her counterclaim in Georgia, which was properly dismissed. 215 Ga. App. at 214; see also *Bennett*, 188 Ga. App. at 632 (1) (noting that the parties' prior action "had terminated" before the counterclaim at issue was brought); *Ward v. Ward*, 194 Ga. App. 669, 670 (2) (391 SE2d 480) (1990) (emphasizing that "a final judgment and decree had been entered prior to [a parent's] motion to modify"); *Terry v. Garibaldi*, 274 Ga. App. 405, 407-408 (1) (618 SE2d 6) (2005) (physical precedent only) (barring mother's counterclaim for change of custody when father had never filed for such a change, but only for clarification of a provision of the parties' divorce decree). The dissent's position also has the effect of condoning duplicative suits in which the father's action for custody in Forsyth County proceeds simultaneously with a new action for the same brought by the mother in DeKalb County.

For these reasons, the trial court did not err when it denied the father's motion to dismiss the mother's counterclaim for visitation, which was brought in the venue consented to by both parties.

2. The father does not assert that the evidence does not support the trial court's award of child support; rather, he asserts only that the court erred in taking up the subject of child support because the mother had voluntarily dismissed her counterclaim for child support in the DeKalb action. As explained in Division 1,

however, the trial court properly entertained the subjects of visitation and child support in the Forsyth County action, and thus did not err in considering "the best interest of the child and what will best promote the child's welfare and happiness and to make [its] award [of child support] accordingly." OCGA § 19-9-3 (a) (2).

3. Although the father asserts that the trial court erred in excluding his offer of proof at the final hearing, he has never explained either the content of his offer or how that content would have assisted the court in understanding the "area of inquiry . . . related to [the mother's] impulsivity, reckless behavior, and anger issues." See *Finch v. Brown*, 216 Ga. App. 451, 452 (1) (454 SE2d 807) (1995) (no abuse of discretion in refusal of a proffer absent a record as to the contents of the proffer); *Stephen W. Brown Radiology Assocs. v. Gowers*, 157 Ga. App. 770, 781 (6) (278 SE2d 653) (1981) (rejecting a claim of error as to an offer of proof where the appellant had failed to show harm; "it is a well settled rule that a complaining party must show what he expects to prove and that such evidence is material, relevant, and beneficial to him").

4. As noted above, because the trial court was authorized to consider the questions of child support and modification, it was also authorized to award the mother her reasonable attorney fees under either OCGA §§ 19-6-15 (k) or 19-9-3 (g),

8

both of which were cited in the trial court's award.[4] See *Moore v. Hullander*, 345 Ga. App. 568, 573 (2) (d) (814 SE2d 423) (2018) (a trial court's award of attorney fees need not be vacated and remanded if "the full amount of the trial court's award can be independently sustained" under the statute "that was asserted as a basis for an award of fees in the court below") (punctuation omitted); *Moore v. Moore-McKinney*, 297 Ga. App. 703, 712 (4) (678 SE2d 152) (2009) (OCGA § 19-9-3 (g) "affords wide discretion to the trial court to award reasonable attorney fees and expenses in child custody actions to be paid by the parties in proportions and at times determined by the judge") (punctuation omitted).

No transcript of the fee hearing has been included in the appellate record, and the father has not asserted a lack of either proper findings or evidence to support the award, which must therefore stand as rendered. *Taylor v. Taylor*, 228 Ga. 173, 174 (1) (184 SE2d 471) (1971) (in the absence of either a transcript of evidence or a stipulation, the appellate court assumed that a trial court properly awarded custody and visitation in a divorce proceeding); *Viskup v. Viskup*, 291 Ga. 103, 106-107 (3) (727 SE2d 97) (2012) (a fee award that fell within the parameters of OCGA § 19-9-3

---

[4] The statutes authorize the award of "reasonable and necessary attorney's fees" and "reasonable attorney's fees" in child support and custody matters respectively. OCGA §§ 19-6-15 (k) (5), 19-9-3 (g).

9

(g) did not have to be remanded for reconsideration of the father's financial circumstances).

5. Lewis's motion for a frivolous appeal penalty is denied. See Rule 41 (b) (no motion shall be filed in the body of a brief).

*Judgment affirmed. McMillian, J.,concurs. McFadden, P.J., concurs in Divisions 3, 4, and 5, concurs in the judgment as to Division 2, and dissents as to Division 1.\**

**\* THIS OPINION IS PHYSICAL PRECEDENT ONLY. COURT OF APPEALS RULE 33.2 (a).**

A19A0502. O'BRIEN v. LEWIS.

MCFADDEN, Presiding Judge, concurring in part and dissenting in part.

I concur in the judgment of Division 2 of the majority opinion and concur fully in Divisions 3, 4, and 5. But I respectfully dissent as to Division 1 because I believe that the appellant father is correct in claiming that the trial court erred in denying his motion to dismiss the mother's counterclaim to modify visitation.

The current version of OCGA § 19-9-23 and case law interpreting it provide that a claim seeking modification of child custody may not be brought as a counterclaim and instead must be brought as a separate action. See, e.g., *Bailey v. Bailey*, 283 Ga. App. 361, 362 (641 SE2d 580) (2007); *Terry v. Garibaldi*, 274 Ga. App. 405, 407-408 (1) (618 SE2d 6) (2005). The mother concedes that her filing of a counterclaim seeking to modify custody would be improper under OCGA § 19-9-23. But she attempts to avoid the requirements of that code section by contending that she converted her improper modification claim into a proper *motion* for modification under OCGA § 19-9-3 (b).

However, that very argument has been rejected by this court. See *Rogers v. Baudet*, 215 Ga. App. 214, 215 (2) (449 SE2d 900) (1994); *Ward v. Ward*, 194 Ga. App. 669, 670-671 (2) (391 SE2d 480) (1990); *Bennett v. Wood*, 188 Ga. App. 630, 632 (1) (373 S.E.2d 645) (1988). As explained in those opinions, OCGA § 19-9-3 (b), which merely sets forth an exception to the general rule that a modification of visitation requires a showing of a material change in conditions, comes into play *only* when jurisdiction and venue are otherwise proper. *Rogers*, supra; *Ward*, supra; *Bennett*, supra. That code section does not, itself, create a separate basis for jurisdiction and venue in contravention of the clear mandates of OCGA § 19-9-23. Because the mother failed to comply with the requirement that her claim for a modification of visitation be brought in a separate action, the trial court erred in denying the father's motion to dismiss that claim.