McFadden, Presiding Judge, concurring in part and dissenting in part.
I concur in the judgment of Division 2 of the majority opinion and concur fully in Divisions 3, 4, and 5. But I respectfully dissent as to Division 1 because I believe that the appellant father is correct in claiming that the trial court erred in denying his motion to dismiss the mother's counterclaim to modify visitation.
The current version of OCGA § 19-9-23 and case law interpreting it provide that a claim seeking modification of child custody may not be brought as a counterclaim and instead must be brought as a separate action. See, e.g., Bailey v. Bailey , 283 Ga. App. 361, 362, 641 S.E.2d 580 (2007) ; Terry v. Garibaldi , 274 Ga. App. 405, 407-408 (1), 618 S.E.2d 6 (2005). The mother concedes that her filing of a counterclaim seeking to modify custody would be improper under OCGA § 19-9-23. But she attempts to avoid the requirements of that code section by contending that she converted her improper modification claim into a proper motion for modification under OCGA § 19-9-3 (b).
However, that very argument has been rejected by this court. See Rogers v. Baudet , 215 Ga. App. 214, 215 (2), 449 S.E.2d 900 (1994) ; Ward v. Ward , 194 Ga. App. 669, 670-671 (2), 391 S.E.2d 480 (1990) ; Bennett v. Wood , 188 Ga. App. 630, 632 (1), 373 S.E.2d 645 (1988). As explained in those opinions, OCGA § 19-9-3 (b), which merely sets forth an exception to the general rule that a modification of visitation requires a showing of a material change in conditions, comes into play only when jurisdiction and venue are otherwise proper. Rogers , supra ; Ward , supra ; Bennett , supra. That code section does not, itself, create a separate basis for jurisdiction and venue in contravention of the clear mandates of OCGA § 19-9-23. Because the mother failed to comply with the requirement that her claim for a modification of visitation be brought in a separate action, the trial court erred in denying the father's motion to dismiss that claim.